THE STATE, EX REL. BORSUK, APPELLEE, *v.* CITY OF
CLEVELAND ET AL., APPELLANTS.

[Cite as State, ex rel. Borsuk, v. Cleveland (1972),
28 Ohio St. 2d 224.]

(No. 71-168—Decided January 5, 1972.)

226

*Messrs. Barragate & Barragate* and *Mr. Phillip C. Barragate,* for appellee.

*Mr. Clarence L. James, Jr.,* director of law, *Mr. Jay L. Loeb* and *Mr. William D. Moore,* for appellants.

STEPHENSON, J. Appellants assert, in substance, that the court below erred in issuing the writ of mandamus for

the reason that relator did not show a clear right to the relief sought.

This assertion is supported by an argument that since the Common Pleas Court held, in the appeal by respondents from the Civil Service Commission order, that the court had no jurisdiction of the appeal, the court should have dismissed the appeal and was without authority to order reinstatement. It is then argued that since the judgment could go no further than to order a dismissal for lack of jurisdiction, the Civil Service Commission retained jurisdiction to entertain the request for rehearing filed by respondents, and, until the commission ruled, the Civil Service Commission order disapproving of relator's dismissal was not final and a basis for mandamus relief.

Whatever merit may exist in the contention that the portion of the Common Pleas Court judgment ordering reinstatement was a nullity, appellants' conclusion that the Civil Service Commission retained rehearing authority is without merit in light of the prior decisions of this court.

In *Diltz* v. *Crouch* (1962), 173 Ohio St. 367, an issue was presented to this court as to the authority of the Board of Liquor Control to modify an order of revocation after an appeal had been taken to court and the order affirmed. In holding that the board lacked such authority, it was reasoned that, absent specific statutory authority or rule, official boards or administrative agencies have jurisdiction to reconsider decisions only *until the actual institution of a court appeal therefrom or until expiration of the time for appeal.* Reliance was placed upon the decisions of this court announcing the same rule in *National Tube Co.* v. *Ayres* (1949), 152 Ohio St. 255 (rehearing authority of Board of Tax Appeals); *Mariemont* v. *Schaefer* (1961), 171 Ohio St. 481; and *State, ex rel. Maxson,* v. *Bd. of County Commrs.* (1958), 167 Ohio St. 458 (rehearing authority of county commissioners in annexation proceedings).

Of particular relevance here is a claim raised by plaintiffs in *Diltz* that since, on appeal, courts have no juridiction over the penalty imposed by the Board of Liquor

Control jurisdiction to modify must rest with the board. In answer to the claim, the opinion states:

"* * * And we concede that it does—up to the point that an appeal is taken from the imposition of the penalty or the time for appeal has expired. But we do not agree that, merely because a court has no jurisdiction to modify a penalty, the board, therefore, *must* have that jurisdiction ad infinitum."

In *State, ex rel. Prayner,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 120, the *Diltz* decision was cited as authority for a holding that the Industrial Commission has control over its orders until the actual institution of an appeal therefrom or until the expiration of the time for such an appeal.

Relator asserts in his brief that there exists no specific authority either in the Charter of the city of Cleveland or Rules of the Civil Service Commission as to reconsideration authority by the commission, and respondents have cited none to this court.

At the time of hearing of this cause below, the order of the Civil Service Commission disapproving the termination of relator's employment had become final by exhaustion of appellate remedies in the direct appeal from the order. The office of the remedy of mandamus is to compel the performance of a duty specifically enjoined by law. *State, ex rel. Brophy,* v. *Crawford* (1934), 127 Ohio St. 580; *State, ex rel. Selected Properties,* v. *Gottfried* (1955), 163 Ohio St. 469; *Cleveland, ex rel. Neelon,* v. *Locher* (1971), 25 Ohio St. 2d 49.

Under the facts of this case, respondents were under a clear legal duty to reinstate relator to his employment, and the Court of Appeals was correct in the issuance of a writ of mandamus to compel performance of that duty.

*Judgment affirmed.*

O'Neill, C. J., Schneider, Herbert, Brenneman, Corrigan and Leach, JJ., concur.

BRENNEMAN, J., of the Ninth Appellate District, sitting for DUNCAN, J. JUDGE BRENNEMAN of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE BRENNEMAN did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.

STEPHENSON, J., of the Fourth Appellate District, sitting for STERN, J.

LEACH, J., concurring. While I am in essential agreement with the opinion by Judge Stephenson, I would also place emphasis on the fact that, although one branch of municipal government cannot appeal to the courts from a ruling by another branch of the same government, in the absence of specific statutory authority, the Director of Public Safety of Cleveland by purporting to appeal the order of the Cleveland Civil Service Commission of October 3, 1966, very effectively precluded an orderly hearing by the commission of the director's request for rehearing. Moreover, whether the reasons stated by the commission in refusing a rehearing on October 17, 1966, were or were not legally sound, the inescapable fact is that it did refuse a rehearing. Thus, the rehearing application is not still pending before the commission awaiting decision, as respondents assert, and the order of October 3, 1966, has long since become a final order of the commission.