**DAVID INGRAM, D.C., INC., Appellant,**

**v.**

**OHIO CIVIL RIGHTS COMMISSION, Appellee.**

[Cite as *David Ingram, D.C., Inc. v. Ohio Civil Rights Comm.* (1990), 67 Ohio App.3d 648.]

Court of Appeals of Ohio,
Wayne County.

No. 2502.

Decided May 16, 1990.

*Dennis L. Pergram,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Joseph D. Rubino,* Assistant Attorney General, for appellee.

BAIRD, Judge.

This cause comes before the court upon the appeal of David Ingram, D.C., Inc. ("Ingram"), from the judgment of the Wayne County Court of Common Pleas affirming an order of the Ohio Civil Rights Commission ("the commission") that determined a sum certain of back pay due to complainant Vicki Pelfrey.

In September 1983, Vicki Pelfrey filed a complaint with the commission alleging that Ingram was guilty of sex discrimination in discharging her from her position as office manager for his chiropractic business. On November 14, 1985, the commission issued findings in favor of Pelfrey, and ordered Ingram to, *inter alia,* offer her reemployment and pay back wages that she

would have received from the time of discharge to the date of the reemployment offer. Ingram filed an appeal to the Wayne County Court of Common Pleas on December 9, 1985. The common pleas court affirmed the commission's order on April 26, 1986. No further appeal was taken from this judgment.

In September 1987, based upon an allegation that Ingram had not complied with its order, the commission ordered another hearing in the matter, this time for the purpose of determining exactly the back pay award due Pelfrey. On September 15, 1988, the commission issued findings of fact and conclusions of law, and ordered Ingram to pay Pelfrey $32,537.89 in compliance with its original order issued November 14, 1985. This amount represented the commission's calculation of back pay and interest accrued from the date of discharge to June 30, 1988. Upon appeal, the common pleas court affirmed the order of the commission, with a modification of the calculation of interest.

Ingram assigns six errors on appeal, all but the first of which deal with the methods and evidence used to calculate the award.

## Assignments of Error

"I. The Commission was without jurisdiction to hold a second hearing and the Commission committed prejudicial error by providing complainant with a second hearing to enable her to present evidence regarding her alleged backpay loss and thereby denied Dr. Ingram due process of law.

"II. The Commission committed prejudicial error in its determination of the period of time that the backpay award should cover and the period of time that it chose was contrary to the period of time that was urged by the Commission in its post-hearing brief.

"III. The Commission committed prejudicial error by not excluding from the backpay assessment period, the period of time that complainant attended college on a full-time basis.

"IV. The Commission committed prejudicial error by not excluding, from the backpay award, the unemployment compensation paid to complainant.

"V. The Commission committed prejudicial error in speculating that complainant would have received salary increases.

"VI. The Commission committed prejudicial error in regards to fringe benefits in that (1) it should have deducted from the backpay assessment the $615 in vacation pay paid by Dr. Ingram to complainant, (2) it committed prejudicial error in ordering Dr. Ingram to pay a $200 Christmas bonus to complainant and it miscalculated the severance pay to be deducted, and (3) it committed prejudicial error in ordering Dr. Ingram to pay $1,135 for health insurance."

■ It is a well-established principle that an administrative board or agency has jurisdiction to reconsider, vacate, or modify one of its decisions only until such time as notice of appeal from that decision is filed, or until the expiration of the time for appeal, unless there is express statutory language to the contrary. *Lorain Edn. Assn. v. Lorain City School Dist. Bd. of Edn.* (1989), 46 Ohio St.3d 12, 544 N.E.2d 687, syllabus; *State, ex rel. Borsuk, v. Cleveland* (1972), 28 Ohio St.2d 224, 57 O.O.2d 464, 277 N.E.2d 419, paragraph one of the syllabus. In cases where an appeal has been taken pursuant to R.C. 4112.06, R.C. 4112.05(I) extends the time for the commission to modify or set aside its finding or order, but only until "a transcript of the record in a case" has been filed. Thereafter, subject to appellate review, the court of common pleas has exclusive jurisdiction to modify, set aside, or enforce the order of the commission. R.C. 4112.06(B) and (F).

■ Thus, the commission had no jurisdiction to order and hold a hearing to determine the amount of damages that had accrued in the nearly two years since the issuance of its original award of back pay and the subsequent appeal. Any finding of fact, any determination of damages, or any order issued as a result of such hearing is therefore a nullity.

■ As the question of subject-matter jurisdiction is a threshold issue of a tribunal's power to act in a given case, our determination that the commission was without jurisdiction necessarily determines the disposition of the remaining assignments of error. We are mindful of App.R. 12(A), which requires that all assignments of error be addressed and passed upon by an appellate court. *Criss v. Springfield Twp.* (1989), 43 Ohio St.3d 83, 538 N.E.2d 406. However, the requirements of App.R. 12(A) need not be met where disposition of one assignment of error results in a finding that there was no jurisdiction in the matter. *Hansen v. Hansen* (1985), 21 Ohio App.3d 216, 219, 21 OBR 231, 233, 486 N.E.2d 1252, 1254. The action taken by the commission in this case exceeded its jurisdiction, and the remaining assignments of error are necessarily well taken. *Id.*

The judgment of the common pleas court modifying the commission's order and affirming as modified is hereby reversed. This cause is remanded to the common pleas court with instruction to issue an order to the commission to vacate its findings of fact, conclusions of law, and order issued on September 15, 1988, consistent with this opinion and the law.

*Judgment reversed*
*and cause remanded.*

REECE, P.J., and CIRIGLIANO, J., concur.