## Bethesda Hospital, Inc. v. Certificate of Need Review Board
*[Cite as 6 AOA 297]*

*Case No. 89AP-1269*
*Franklin County, (10th)*
*Decided August 30, 1990*

*James P. Freidt, Vorys, Sater, Seymour & Pease, for Bethesda Hospital, Inc., Appellee.*

*Anthony J. Celebrezze, Jr., Attorney General, Bryan L. Jeffries and Lawrence D. Pratt, for Ohio Department of Health, Appellant.*

*Gretchen A. McBeath and Scott W. Taebel, Bricker & Eckler, for amicus curiae Christ Hospital of Cincinnati and Jewish Hospital of Cincinnati, Inc.*

YOUNG, J.

This matter is before this court upon the appeal of the Ohio Department of Health ("ODH") from a judgment of the Franklin County Court of Common Pleas in favor of appellee, Bethesda Hospital,Inc. ("Bethesda"). The trial court overruled ODH's motion to dismiss, reversed the order of the Certificate of Need Review Board ("CONRB") and found that Bethesda's proposed project of an open-heart surgery service was not a reviewable activity pursuant to R.C. 3702.51(R).

In January 1987, Bethesda filed an application and requested that ODH conduct a certificate of need reviewability determination in regard to Bethesda's proposed project for an open-heart surgery service. Bethesda's written request stated that there were no capital expenditure costs and that operating costs and major medical equipment costs would be less than the reviewability cost thresholds set forth in R.C. 3702.51(R) (2) and (4), and Ohio Adm. Code 3701-12-05(A), (C)(2) or (D)(1). ODH, basing its decision on Ohio Adm. Code 3701-12-05(C)(1)(a), determined that the proposed health service was reviewable and would be a new health service offered by Bethesda and would require some capital expenditure.

Bethesda appealed this decision to CONRB in May 1987. After a hearing, the hearing examiner recommended that CONRB reverse the decision of ODH and find that Bethesda's proposed project was not reviewable. On January 7, 1988, CONRB adopted the hearing examiner's report and recommendation. On January 27, 1988, ODH

filed a motion for reconsideration asking CONRB to remand the case so that ODH could review and analyze the proposed annual operating and major medical equipment costs pursuant to R.C. 3702.51(R).

On March 29, 1988, CONRB granted ODH's motion for reconsideration and remanded the matter to ODH for further analysis under R.C. 3702.51(R). CONRB found that the criteria under which ODH found the project reviewable, Ohio Adm. Code 3701-12-05(C)(1)(a), was invalid and that ODH was procedurally in error by not reviewing the project pursuant to R.C. 3701.51(R) and Ohio Adm. Code 3701-12-05.

Thereafter, Bethesda appealed this decision to the Franklin County Court of Common Pleas, pursuant to R.C. 119.12 and 3705.58. The appeal was submitted to the trial court upon the parties' respective briefs. ODH filed a motion to dismiss, asserting that the remand from CONRB to ODH was not a final appealable order and thus, the court of common pleas did not have jurisdiction. In the alternative, ODH filed a motion for remand so that the matter could be remanded to the director of health for further review pursuant to R.C. 3702.51(R)(2) and (4).

In July 1989, the referee issued his report and recommended that ODH's motion to dismiss be denied, and that CONRB's decision be reversed on the basis that Bethesda's proposed open-heart surgery service was not a reviewable activity pursuant to R.C. 3702.51(R). The trial court adopted the report and recommendation of the referee and thereafter, this appeal ensued. ODH asserts the following six assignments of error:

"I. THE COURT OF COMMON PLEAS ERRED IN APPLYING OHIO REV. CODE §3702.58 AS AMENDED, EFFECTIVE JULY 1, 1987, RATHER THAN OHIO REV. CODE §3702.58 AS AMENDED EFFECTIVE JULY 1, 1985, TO THE FACTS UNDER REVIEW.

"II. THE COURT OF COMMON PLEAS ERRED IN FINDING THAT IT WAS VESTED WITH JURISDICTION TO HEAR BETHESDA HOSPITAL, INC.'S APPEAL OF THE CERTIFICATE OF NEED REVIEW BOARD'S ORDER OF REMAND.

"III. THE COURT OF COMMON PLEAS ERRED IN FINDING THAT THE CERTIFICATE OF NEED REVIEW BOARD LACKED THE AUTHORITY TO ENTERTAIN THE OHIO DEPARTMENT OF HEALTH'S MOTION FOR RECONSIDERATION.

"IV. THE COURT OF COMMON PLEAS ERRED IN FINDING THAT THE CERTIFICATE OF NEED REVIEW BOARD IMPROPERLY CONSIDERED AND RELIED UPON EVIDENCE OUTSIDE THE RECORD IN GRANTING OF THE OHIO DEPARTMENT OF HEALTH'S MOTION FOR RECONSIDERATION.

"V. THE COURT OF COMMON PLEAS ERRED IN FINDING THAT THE CERTIFICATE OF NEED REVIEW BOARD'S ORDER OF REMAND WAS NEITHER SUPPORTED BY RELIABLE, PROBATIVE OR SUBSTANTIAL EVIDENCE NOR IN ACCORDANCE [sic] WITH LAW.

"VI. THE COURT OF COMMON PLEAS ERRED IN FINDING THAT BETHESDA'S PROPOSED OPEN HEART SURGERY SERVICE WAS NOT A REVIEWABLE ACTIVITY PURSUANT TO OHIO REV. CODE §3701.51(R) WHERE SAID DECISION IS NEITHER SUPPORTED BY RELIABLE, PROBATIVE OR SUBSTANTIAL EVIDENCE NOR IN ACCORDANCE WITH LAW."

In its first assignment of error, ODH asserts that the court of common pleas erred in applying R.C. 3702.58, as amended effective July 1, 1987, rather than R.C. 3702.58, as amended effective July 1, 1985. H.B. 499, Section 9(A), provides, in part:

"Section 9. All appeals pending before the Certificate of Need Review Board of July 1, 1987 shall be considered as follows:

"(A) If the appeal has been filed but no hearing has commenced, a preconferece hearing shall be held on or before January 1, 1988 and an adjudication hearing shall be conducted by a hearing examiner within forty-five days after the conclusion of the preconference hearing, regardless of whether a preconference hearing was held before July 1, 1987. The hearing examiner shall conduct the hearing and render a recommendation within thirty days of the conclusion of the hearing based on sections 3702.51 to 3702.62 and 3702.99 of the Revised Code as they were in effect prior to the effective date of Section 1 of this act."

This court finds that H.B. 499, Section 9(A), is applicable in this case. On May 6, 1987, after ODH determined that appellee's proposed health service was reviewable, Bethesda filed an appeal with CONRB. A prehearing conference was held by telephone on August 28, 1987, whereby the parties agreed that there were no factual disputes associated with the appeal. The parties agreed to submit the matter to the hearing examiner upon their briefs only, rather than conducting a formal adjudication hearing, and the initial brief was to be filed September 28, 1987. Thus, when the final brief was submitted on October 30, 1987, the "hearing" was concluded. Consequently, pursuant to H.B. 499, Section 9(A), R.C. 3702.51 through 3702.62, and 3702.99, as they were in effect prior to the effective date of the June 30, 1987 amendments to R.C. 3702.58, are applicable to this case. Therefore, the trial court erred when it applied both interpretations of R.C. 3702.58 since H.B. 499, Section 9 clearly sets forth that R.C. 3702.58(D), as amended effective June 1985, was applicable to the facts of this case.

Accordingly, appellants' first assignment of error is sustained.

In its third assignment of error, ODH asserts that CONRB lacked the authority to entertain ODH's motion for reconsideration. The court of common pleas found that CONRB lacked the authority to entertain ODH's motion for reconsideration because CONRB's minutes reflect that CONRB had decided to issue an order affirming the decision of the hearing examiner, that Bethesda's proposed open-heart surgery service was not a reviewable activity. However, because CONRB did not reduce this "order" to writing within the time limits imposed by statute, the trial court found that the recommendation of the hearing officer became the final decision of the CONRB.

R.C. 3702.58(D), as it was in effect prior to the June 30, 1987 amendment, provides, in pertinent part:

"(D) After the state agency issues a ruling under section 3702.53 of the Revised Code that a particular proposed project is a reviewable activity, a person who claims that the proposed project is not a reviewable activity may file a request for reconsideration by the state agency or a request for an adjudication hearing before the certificate of need review board. *** If a timely request for reconsideration has been filed with the state agency, and a timely request for a hearing on the same case is filed with the board before the state

agency has disposed of the reconsideration request, the state agency shall be without jurisdiction to entertain the request for reconsideration, and the board shall consider the request for a hearing. The adjudication hearing shall be conducted in accordance with Chapter 119. of the Revised Code. The party requesting the hearing shall present its case first. The burden of proof shall be on the party requesting the hearing. *The board shall issue its order within forty-five days after the conclusion of the hearing.* The decision of the board shall be based upon the record and shall be considered as the final decision or order of the state agency, unless the board determines that the matter shall be remanded to the state agency for further consideration or action. *** Any party to the hearing who is adversely affected by the board's order on whether a proposed project is a reviewable activity may appeal the order to the court of common pleas of Franklin county. *** " (Emphasis added.)

R.C. 3702.58(D) provides that CONRB shall issue its order within forty-five days after the conclusion of the hearing. In this case, the conclusion of the hearing was October 30, 1987, when the final brief was filed by Bethesda. Although the hearing examiner issued his report and recommendation to CONRB on November 30, 1987, CONRB did not adopt the hearing examiner's report and recommendation until January 7, 1988. Thus, CONRB did not issue its decision or order within forty-five days after the conclusion of the hearing as mandated by the applicable version of R.C. 3702.58(D).

Ordinarily, a statutory requirement that an act be performed is mandatory, while the time for performing the act is directory. This is especially true of a provision that a tribunal render a decision within a designated time. Failure to do so does not deprive the tribunal, in this case CONRB, of its jurisdiction to act. See *In the Matter of Raymundo,* (Apr. 5, 1990), Franklin App. No. 89AP-1221, unreported (1990 Opinions 1390). Thus, simply because CONRB did not issue its decision within forty-five days after the conclusion of the hearing, as mandated in the applicable version of R.C. 3702.58(D), does not mean that CONRB lacked jurisdiction to issue its decision at a later time. In *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St. 3d 20, the court held, at paragraph three of the syllabus:

"Generally, administrative agencies have inherent authority to reconsider their own decisions since the power to decide in the first in-

stance carries with it the power to reconsider. The agencies retain jurisdiction to set aside or otherwise reconsider their decisions until the actual institution of a court appeal or until expiration of the time for appeal, in the absence of specific statutory limitation to the contrary. *(State, ex rel. Borsuk, v. Cleveland* [1972], 28 Ohio St. 2d 224 157 O.O.2d 464], paragraph one of the syllabus, followed.)" Accordingly, ODH's third assignment of error is also sustained.

In its second assignment of error, ODH asserts that the trial court erred in finding that it was vested with jurisdiction to hear Bethesda's appeal regarding CONRB's remand to ODH.

R.C. 3702.58(D) sets forth a party's right of appeal to the Franklin County Court of Common Pleas as follows:

"*** The decision of the board shall be based upon the record and shall be considered as the final decision or order of the state agency, unless the board determines that the matter shall be remanded to the state agency for further consideration or action. *** *Any party to the hearing who is adversely affected by the board's order on whether a proposed project is a reviewable activity may appeal the order to the court of common pleas of Franklin county. *** "* (Emphasis added.)

The order of CONRB remanding this matter to ODH is not an order which determines whether or not the proposed project is a reviewable activity. The matter was remanded to ODH for further review and analysis on the quoted costs of operating the proposed open-heart surgery service at Bethesda. The CONRB's order specifically states that "*** [i]f it is verified that the annual operating costs for the addition of the service fall below the applicable thresholds, then the board shall consider the project within the framework of the Hearing Examiner's Findings of Fact and Conclusions of Law and the *project shall be non-reviewable.*" (Emphasis added.) Therefore, the Franklin County Court of Common Pleas did not have jurisdiction to entertain the appeal filed by Bethesda.

Accordingly, ODH's second assignment of error is sustained.

Because the common pleas court lacked jurisdiction over this matter, any errors the court may have committed as presented in ODH's fourth, fifth and sixth assignments of error are harmless. Accordingly, ODH's fourth, fifth and sixth assignments of error are overruled.

Based on the foregoing, ODH's first, second and third assignments of error are sustained while ODH's fourth, fifth and sixth assignments

of error are not well-taken and are overruled. The judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to ODH in accordance with the March 29, 1988 order of CONRB.

*Judgment reversed*
*and remanded.*

BOWMAN and RADCLIFFE, J.J., concur.

RADCLIFFE, J., of the Ross County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.