THE STATE, EX REL. HARPLEY BUILDERS, INC., APPELLEE,
*v.* CITY OF AKRON ET AL., APPELLANTS.

[Cite as *State, ex rel. Harpley Builders, Inc.,
v. Akron* (1992), 62 Ohio St.3d 533.]

(No. 90–2018—Submitted November 13, 1991—Decided February 12, 1992.)

*John C. Freeman,* for appellee.

*Max Rothal,* Director of Law, and *Cheri B. Cunningham,* for appellants.

WRIGHT, J. This case requires a review of the extent of the Planning Commission's authority to rescind its own decisions and a determination of whether preliminary approval, or the decision to rescind preliminary approval, is a final appealable order.

We have previously held that administrative agencies have inherent authority to reconsider their own decisions, unless they are otherwise limited by statute. *Hal Artz Lincoln–Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 28 OBR 83, 502 N.E.2d 590, paragraph three of the syllabus; *State, ex rel. Borsuk, v. Cleveland* (1972), 28 Ohio St.2d 224, 57 O.O.2d 464, 277 N.E.2d 419, paragraph one of the syllabus. An agency retains this jurisdiction to set aside its own decision until a party appeals or the time to file an appeal has passed. *Hal Artz Lincoln–Mercury, Inc. v. Ford Motor Co., supra; State, ex rel. Borsuk, v. Cleveland, supra.* We hold that it is this inherent authority that the Planning Commission exercised when it voted to rescind its preliminary approval of Eaton Place.

The court of appeals erred in holding that the Akron Subdivision Plan and Regulations ("the regulations") deny the Planning Commission the authority to reconsider its preliminary approval. The court reached this conclusion based on the regulation that provides that the Planning Commission shall grant final approval if the developer "has done everything that he was required to do" and fulfilled all of the conditions specified in the preliminary

approval.[1]  Appellee suggested that the regulations render final approval nothing more than a ministerial function and basically mandate that final approval be granted if those conditions originally attached to the preliminary approval are fulfilled.  Based on this reading of the applicable regulations, the court of appeals held that the original grant of preliminary approval was a final appealable order, and, therefore, that the Planning Commission could not reconsider it once the time for appeal had passed.

The regulations do not expressly or implicitly limit the Planning Commission's inherent authority to reconsider its own decisions.  The regulations provide that "[a]pproval of the preliminary plan shall also be conditional upon compliance with all other applicable statues [*sic*] and ordinances (resolutions and regulations) of the City."[2]  This language is contrary to the interpreta-

---

1.  The regulation governing final approval provides as follows:
"(5) Approval by Planning Commission.
"The City Planning Commission shall approve or disapprove the final plat within thirty (30) days after it has been filed.  Failure of the Commission to act upon the final plat within such time shall be deemed as approval of the plat.  If the plat is disapproved, the grounds for disapproval shall be stated in the records of the Commission, and a copy of said record shall be forwarded to the developer.  The Commission shall not disapprove the final plat if the developer has done everything that he was required to do and has proceeded in accordance with the conditions and standards specified in the approved preliminary plat.  If disapproved the Developer shall make the necessary corrections and resubmit the final plat within thirty (30) days to the Commission for its final approval.  If a plat is refused by the Commission, the person submitting the plat which the Commission refused to approve may file a petition within ten (10) days after such refusal in the Court of Common Pleas of the county in which the land described in said plat is situated to reconsider the action of the Commission."  Akron Subdivision Plan and Regulations Section 1208.06(C)(5).

2.  The regulation governing preliminary approval provides in relevant part as follows:
"(4) Approval of Preliminary Plan.
"The City Planning Commission shall forward copies of the preliminary plan to such officials and agencies as may be necessary for the purpose of study and recommendation.  These shall include at least the Directors of Public Service and the City Health Department, and shall also include any other department or agency that the Planning Commission deems appropriate in any given case.  After receipt of reports from such officials and agencies, the City Planning Commission shall determine whether the preliminary plan shall be approved, approved with modifications or disapproved.  If a plan is disapproved, the reasons for such disapproval shall be stated in writing.  The City Planning Commission shall act on the preliminary plan within thirty (30) days after filing unless such time is extended by agreement with the developer.  When a preliminary plan has been approved by the City Planning Commission, the chairman shall sign all copies and return one (1) to the developer for compliance with final approval requirements.  *Approval of the preliminary plan shall also be conditional upon compliance with all other applicable statues [sic] and ordinances (resolutions and regulations) of the City.*
"(5) Approval period.
"The approval of the preliminary plan shall be effective for a maximum period of twelve (12) months and shall guarantee that the terms under which the approval was granted will not be

tion that once conditions noted at the time of preliminary approval are fulfilled, the Planning Commission loses all power to evaluate the proposed plan. A preliminary plan must be approved or disapproved within thirty days and the preliminary approval then remains effective for twelve months, a schedule which is certainly more consistent with a quick nod of approval than with a formal decision which renders all later decisions by the Planning Commission purely ministerial. Akron Subdivision Plan and Regulations Sections 1208.06(B)(4) and (5). Simply speaking, a preliminary approval is just that, preliminary. It connotes initial, not final, approval, after which the parties can hammer out all of the relevant details for final action.

Nor is the original grant of preliminary approval a final appealable order. Preliminary approval is but one step in the approval process. Once preliminary approval is granted, the developer must fulfill the Planning Commission's conditions, and then submit a final plat for approval. Akron Subdivision Plan and Regulations Section 1208.06(C)(1). These further steps are persuasive evidence that the decision to grant preliminary approval is not final. Preliminary approval of a real estate project does not determine the final rights and duties of the developer until further action is taken. Therefore, the grant of preliminary approval is not a final appealable order under R.C. 2506.01.

Accordingly, we reverse the judgment of the court of appeals and reinstate the November 18, 1988 order of the Planning Commission.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

---

affected by changes to these regulations." (Emphasis added.) Akron Subdivision Plan and Regulations Sections 1208.06(B)(4) and (5).