Moyer, C.J.,
dissenting. In reaching the result that it does, the majority ignores the rule of law established as precedent in this court. Accordingly, I respectfully dissent.
An action in mandamus will lie when a public agency is under a clear legal duty to perform an official act and there is no plain and adequate remedy in the ordinary course of law. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph one of the syllabus. Thus, mandamus is appropriate when the Industrial Commission makes a decision on a request for an award of benefits for violation of a specific safety requirement (“VSSR”) which the law clearly prohibits. See State ex rel. Carr v. Indus. Comm. (1935), 130 Ohio St. 185, 4 O.O. 122, 198 N.E. 480. Because in my view the law clearly prohibits the commission from reconsidering its initial order denying benefits under the circumstances of this case, I would grant the writ.
R.C. 4123.52 provides that the Industrial Commission has continuing jurisdiction over each case and that it may modify former orders “as, in its opinion is justified.” Just cause for such a modification includes new and changed conditions, State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383; mistake of fact, State ex rel. Weimer v. Indus. Comm. (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149; fraud, State ex rel. Kilgore v. Indus. Comm. (1930), 123 Ohio St. 164, 9 Ohio Law Abs. 62, 174 N.E. 345; and mistake by an inferior tribunal, State ex rel. Saunders v. Metal Container Corp. (1990), 52 Ohio St.3d 85, 556 N.E.2d 168.
Today, the majority adds to the list mistake of law in a prior order. Because I would hold that the commission’s lack of power to modify its prior order is jurisdictional in nature, I would not reach this substantive question.
The dispositive principle in this case is that the power of the commission to modify a prior order is limited. The commission has jurisdiction to reconsider its decision until the expiration of time in which to initiate a court appeal, or until the actual institution of an appeal. State ex rel. Prayner v. Indus. Comm. (1965), 2 Ohio St.2d 120, 31 O.O.2d 192, 206 N.E.2d 911.
This rule applies even where the court to which appeal is taken has no jurisdiction to hear the appeal. State ex rel. Borsuk v. Cleveland (1972), 28 Ohio St.2d 224, 57 O.O.2d 464, 277 N.E.2d 419 (civil service commission has jurisdiction to reconsider decision until expiration of time for appeal or until actual appeal taken); Diltz v. Crouch (1962), 173 Ohio St. 367, 19 O.O.2d 312, *544 182 N.E.2d 315 (Board of Liquor Control has continuing jurisdiction until expiration of time for appeal, or actual appeal).
In Diltz, the plaintiffs were holders of liquor permits which the Board of Liquor Control revoked. Plaintiffs appealed the revocations to the trial court, which affirmed the board’s decision. Thereafter, plaintiffs applied to the board for reconsideration, and the board modified the revocations to suspensions. This court held that even though the trial court lacked jurisdiction to hear the plaintiffs’ appeal, the initiation of that appeal nevertheless terminated the board’s jurisdiction to modify its prior order.
In Borsuk, relator was a police officer terminated after his one-year probationary period. Relator requested a hearing before the city civil service commission, pursuant to which the commission reinstated him. The city requested a rehearing, and afterwards appealed the commission’s decision to the court of common pleas. The trial court dismissed the appeal for lack of subject-matter jurisdiction. The commission then refused to rehear the matter, stating that it lacked jurisdiction in view of the prior court appeal. The officer brought a mandamus action to compel the city to reinstate him pursuant to the pre-appeal order. The city opposed the mandamus action, arguing that the commission still had jurisdiction to rehear the matter and modify its order. This court affirmed the court of appeals in granting the writ, holding that the commission lost its jurisdiction to modify its order once the city appealed. Citing Diltz as controlling, this court expressly rejected the argument that because the trial court lacked jurisdiction to hear the city’s appeal, the appeal never divested the commission of its power to rehear the matter.
It is not in dispute that YSSR determinations by the commission are not directly appealable to the court of common pleas. State ex rel. Cincinnati Drum Serv., Inc. v. Indus. Comm. (1990), 52 Ohio St.3d 135, 556 N.E.2d 459. The majority states, however, that because the commission’s order was not appealable but instead subject only to an action in mandamus, Sylvia Holik’s appeal did not divest the commission of jurisdiction to reconsider its order. Diltz and Borsuk, supra, however, hold otherwise. The majority opinion fails to cite any authority that contradicts the clear holdings of these cases. Nor does it give any principled reason for distinguishing them, other than the bald assertion that reliance on these cases “is misplaced.” The majority thus exempts the Industrial Commission from law that governs other administrative agencies.
In fact, the reasoning in Diltz and Borsuk is equally applicable here. Once the Industrial Commission denied VSSR benefits to appellee Holik, it retained jurisdiction to modify its order, for good cause shown, until the expiration of *545 the time for appeal or the actual institution of appeal. When Holik instituted her court appeal on July 21, 1989, however, the commission lost the power to modify its prior order. The fact that the court of common pleas lacked jurisdiction to hear Holik’s appeal from an adverse decision of the commission on her entitlement to YSSR benefits does not change this result. The trial court did have jurisdiction to make the threshold determination of whether to allow the action to proceed. See State ex rel. Dickison v. Court of Common Pleas (1971), 28 Ohio St.2d 179, 57 O.O.2d 411, 277 N.E.2d 210.
The majority chooses to ignore this clear and well-established law, asserting instead that because the filing of an R.C. 4123.519 appeal is a “futile act,” it could not divest the commission of the power to reconsider. Although such an appeal may be futile, it is not without consequences. While it is unfortunate that appellee made the decision to file a futile appeal to the court of common pleas, apparently without the awareness of these consequences, it is not the function of this court to mitigate the errors of litigants or their counsel by ignoring applicable law. The appeals taken from administrative bodies in Diltz and Borsuk were equally futile acts, yet they ended the jurisdiction of the agency to reconsider. The same result should occur here.
I would hold that the Industrial Commission loses jurisdiction to reconsider its own order once the party requesting reconsideration of the order has appealed it to the court of common pleas.
To achieve the result it does, the majority overlooks the principle that true fairness in the law requires its consistent application and respect for binding precedent. Because this court’s precedent contradicts the majority’s decision in this case, I respectfully dissent.
Holmes and Wright, JJ., concur in the foregoing dissenting opinion.