COURT STREET DEVELOPMENT et al., Appellants,

v.

STOW CITY COUNCIL et al., Appellees.

[Cite as *Court Street Dev. v. Stow City Council* (1998), 129 Ohio App.3d 359.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18728.

Decided Aug. 12, 1998.

*Michael T. Gavin* and *Anthony J. Coyne,* for appellants.

*Thomas W. Watkins,* for appellee Stow City Council.

SLABY, Presiding Judge.

The appellants, Court Street Development and Victor J. Cohn, Trustee, appealed from the Summit County Court of Common Pleas' affirmance of the Stow City Council's decision not to grant approval of a conceptual master plan and conditional use certificate. We reverse and remand.

On August 20, 1996, the appellants applied for approval of a conceptual master plan and conditional use certificate to develop the property as a planned unit development ("PUD"). This "plan," according to its name and the meetings pertaining to it, was "preliminary." More specifically, this "plan" was "pre-preliminary" in the sense that it was not a "preliminary plan" according to the Codified Ordinances of Stow. This "pre-preliminary" plan referred to Codified Ordinances of Stow 1167.02, but did not address other requirements for a PUD permit contained in Sections 1167.01 through 1167.07.

On August 27, 1996, the appellants presented their plan to the Stow Planning Commission. The Planning Commission approved the application by a vote of three to two. On September 23, 1996, the Planning Committee of Council considered the plan and referred it to Council without a recommendation of approval. The Planning Committee of Council met on October 21, 1996, to consider the resolution, and on October 24, 1996, the resolution was presented to Council and was defeated by a vote of five to two. The findings and conclusions of Council refer only to Section 1167.02. On November 7, 1996, Council tabled a motion to reconsider the resolution, and on November 18, 1996, Council unanimously declined to reconsider the resolution.

On November 19, 1996, the appellants filed their notice of appeal from the Council's decision. The trial court affirmed the denial on August 21, 1997. On May 27, 1997, the appellants submitted a preliminary site plan for a proposed PUD to the city of Stow Planning Commission, and the commission approved it by a vote of three to zero. This preliminary plan was in accordance with Codified Ordinances of Stow 1167.06, 1167.05, and 1137.04.

After considering briefs filed by the parties and the record from the administrative level, the trial court found that the Council's denial was supported by a preponderance of substantial, reliable, and probative evidence and was constitutional. In its August 21, 1997 judgment entry, the trial court also denied the Council's motion to dismiss. The appellants timely appealed the judgment of the trial court.

■ The Supreme Court of Ohio has held that in the context of a real estate project, preliminary approval is not a final, appealable order under R.C. 2506.01. *State ex rel. Harpley Builders, Inc. v. Akron* (1992), 62 Ohio St.3d 533, 537, 584 N.E.2d 724, 726–727. The appropriate avenue for an appellate court to take in reviewing a trial court judgment entry that is based upon a review of an administrative decision that was not a final, appealable order, is to reverse and remand the case to the trial court for the trial court to dismiss for lack of subject matter jurisdiction. See *Hamm v. Gahanna City Council* (Mar. 25, 1997), Franklin App. No. 96APE07–886, unreported, 1997 WL 142534.

■ In the case at bar, the Council's denial of the conceptual master plan and conditional use certificate was a denial of "pre-preliminary approval." It was the denial of a conceptual master plan and a conditional use certificate that did not comply with all the requirements even of "preliminary plans" as provided for in the zoning ordinances. As mentioned above, the appellants started to seek approval and obtained partial approval of a "preliminary plan" as provided for by the zoning ordinances after this "pre-preliminary" plan denial.

Based on the foregoing, we find that the Council's disapproval of the appellants' conceptual master plan was not a final, appealable order under R.C. 2506.01 for the purpose of the trial court's jurisdiction. Accordingly, we reverse and remand the matter to the trial court for dismissal based upon lack of jurisdiction. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD and DICKINSON, JJ., concur.