This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Westfield Lakes, L.P., appeals from the judgment of the Medina County Court of Common Pleas that dismissed its appeal for lack of a final, appealable order. We dismiss the appeal as moot.
Appellant sought approval from Appellee, the Westfield Township Board of Zoning Appeals, to develop a parcel of land in Westfield Township into a manufactured home park. On June 1, 2000, Appellee approved a site plan, other than the plan submitted by Appellant. The site plan incorporated six conditions which included, among others, a restriction on the number of units in the development, open space restrictions, and width requirements for each lot. On June 7, 2000, Appellee considered and adopted conclusions of fact.
On June 28, 2000, Appellant submitted a revised site plan that complied with Appellee's conditions. On that same day Appellee approved the revised plan. On June 29, 2000, Appellant appealed Appellee's decision of June 1, 2000, and its conclusions of fact of June 7, 2000 to the trial court. Appellee moved to dismiss the appeal. The trial court granted the motion finding that the decision from which Appellant appealed was not a final order pursuant to R.C. 2506.01 and, therefore, the court lacked subject matter jurisdiction to hear the appeal. Appellant timely appealed the decision of the trial court, raising two assignments of error for review.
 ASSIGNMENT OF ERROR I The Trial Court erred in dismissing the zoning appeal for lack of a final[,] appealable order.
 ASSIGNMENT OF ERROR II The Trial Court erred in failing to amend the notice of appeal sua sponte, or, in the alternative, failing to grant Appellant leave to amend its notice of appeal.
In its first assignment of error, Appellant argues that the trial court erred in dismissing its appeal for lack of a final, appealable order. In its second assignment of error, Appellant contends that the trial court erred when it failed to sua sponte amend or grant leave to Appellant to amend its notice of appeal to include the final, appealable order of June 28, 2000. We need not reach the merits of Appellant's assignments of error because the appeal is moot.
In Ohio, an administrative agency continues to have jurisdiction over its decisions until a party appeals or the time to file an appeal has expired. State ex rel. Harpley Builders, Inc. v. Akron (1992),62 Ohio St.3d 533, 535. When a notice of appeal from a decision of an administrative agency has been filed, the agency is divested of its inherent jurisdiction to reconsider, modify, or vacate the decision.Lorain Edn. Assn. v. Lorain City School Dist. Bd. of Edn. (1989),46 Ohio St.3d 12, 15.
Appellate courts will not review questions devoid of live controversies. Miner v. Witt (1910), 82 Ohio St. 237, 238-239; Tschantzv. Ferguson (1991), 57 Ohio St.3d 131, 133. Thus, an action must be dismissed as moot unless it appears that a live controversy exists.Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co. (1992),81 Ohio App.3d 263, 266-267. As a general proposition, an appeal from a judgment with which the appellant has voluntarily complied will be dismissed as moot. Kelm v. Hess (1983), 8 Ohio App.3d 448, 448. In other words, "[a]fter compliance, there is nothing to litigate."American Book Co. v. Kansas (1904), 193 U.S. 49, 52, 48 L.Ed. 613, 614.
Appellee had jurisdiction over this matter until July 1, 2000, the date by which Appellant was required to perfect its appeal. See R.C. 2507.05. While Appellee still had jurisdiction over the approval of the site plan, Appellant voluntarily complied with the decision of June 1, 2000, by submitting a revised and compliant site plan and receiving approval, rather than testing the decision on appeal. Since Appellant voluntarily complied with the site plan and conditions established by Appellee, there is nothing left to litigate and the action is devoid of a live controversy. Accordingly, the appeal is moot.
Appellant's two assignments of error are moot. This appeal is dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ LYNN C. SLABY
BAIRD, P.J., WHITMORE, J. CONCUR