McCAULEY, APPELLANT, *v.* ASH ET AL., APPELLEES.

(No. 1042—Decided January 11, 1954.)

*Messrs. Light & Siferd,* for appellant.
*Messrs. Meredith & Meredith,* for appellees.

MIDDLETON, J. This cause is here on appeal on questions of law and fact from a judgment of the Court of Common Pleas of Allen County.

The plaintiff seeks an injunction enjoining the Building Inspector of Lima, Ohio, from issuing a permit to the defendants, Laverne Kelly, Helen Kelly and Margaret Kelly, authorizing certain structural extensions to their property, and enjoining said defendants from making the structural changes as set forth in the petition.

The plaintiff states in her petition that Charles W. Ash is the duly appointed, qualified and acting inspector of buildings under the zoning ordinance of the city of Lima; that plaintiff is the owner of certain described property in the city of Lima, which is improved by the erection thereon of a residential struc-

ture consisting of four units or apartments; that the defendants Kellys are the owners of real estate which is improved by a residential structure; and that such property is adjacent to and immediately east of the property of the plaintiff.

The petition sets forth that at all times mentioned in the petition there was in full force and effect in the city of Lima, a zoning ordinance regulating and restricting the location of buildings and other structures; that the property described in the petition is located in a section of said city which is described by the ordinance as Class 2 Residential or Multiple Family Housing District; and that section 17 of such ordinance reads as follows:

"The least dimension of a side yard shall not be less than five feet, provided that in the case of any building more than two and one-half stories in height, such least dimension shall not be less than one-sixth of the height of the building. Provided that a dwelling house existing on June 6, 1949, and having side yards that do not comply with the provisions of this section may be extended along such existing side yard lines."

Plaintiff avers that the defendants Kellys are in the process of adding an addition to the residence owned by them on the property described in the petition, and as a part of said structure, an extension westward to within approximately 11 inches of the east line of the premises of the plaintiff, in violation of the zoning ordinance; and that these defendants will complete such extension and the defendant Charles W. Ash, as building inspector, will issue a permit for the extension unless restrained by the court.

Plaintiff avers that the proposed structure will withdraw from plaintiff's apartment building light and air and substantially reduce its market value.

To this petition the defendants Kellys filed an an-

swer in which they interpose five defenses, the pertinent parts of which may be briefly stated as follows:

The first defense admits the ownership of the properties of the plaintiff and defendants; admits the described property is located in the zoning district stated in the petition; admits the existence of the zoning ordinance, as alleged; and denies all allegations of the petition not specifically admitted.

The second defense describes the structures erected on both plaintiff's and defendants' property, and avers that early in 1951 the defendants began to remodel their residence and that plaintiff knew of defendants' plan; that after completion of the remodeling in the rear of defendants' property in June of 1951 the defendants applied for a permit from the inspector of buildings to erect a stairway along the west side of their frame house; and that plans for the same were submitted and on July 2, 1951, said building inspector issued to the defendants a remodelling permit authorizing the erection of said stairway.

In said defense it is averred that the zoning ordinance of the city of Lima creates a board of adjustment consisting of five citizens whose authority and power is to vary the provisions relating to buildings and location in cases where a literal enforcement of the provisions of the ordinance relative to zoning will work a hardship.

The defendants filed with the board of adjustment a petition for modification of the rules relative to side yards as relating to the property of the defendants Kellys, and after hearing upon the application before the board, the defendants were granted the right and authority to finish the stairway as contemplated and as originally planned.

By way of a third defense the defendants aver that plaintiff is estopped from claiming the relief prayed

for; that defendants have expended many hundreds of dollars in the construction of the stairway; and that the same was substantially completed before plaintiff took any steps for injunctive relief.

By way of a fourth defense, defendants say that the dwelling house and apartment house mentioned in plaintiff's petition were both constructed prior to June 6, 1949; that in view of the fact that plaintiff or her predecessor in title built up to or near the line or over the line existing between the property of the plaintiff and that of the defendants, the ordinance allows defendants to do the same thing; that if it should be held that the ordinance does not allow these defendants to do the same thing as plaintiff or her predecessors in title, the ordinance is unreasonable, violates the Constitution and deprives the defendants of property rights; and that such ordinance in such event is unconstitutional.

In their fifth defense, defendants state that the plaintiff has an adequate remedy at law and that she is not entitled to the remedy of injunction.

To this answer the plaintiff filed an amended reply in which she denies all allegations of the answer other than the admissions therein, and says further that the board of adjustment had no power or authority to grant the defendants the right to violate the zoning ordinance, and if any such power and authority was vested in said board, it abused its discretion in exercising the same.

From the evidence presented at the hearing of this cause, the court finds the following facts established:

Charles W. Ash is the duly qualified and acting inspector of buildings under the zoning ordinance of the city of Lima. Plaintiff is the owner of the property described in the petition and the property is improved, as therein set out. The defendants, Laverne

Kelly, Helen Kelly and Margaret Kelly, are the owners of the property stated in the petition, and that property is improved as therein set out. At all times mentioned in the petition there was and still is in full force and effect in the city of Lima, a zoning ordinance regulating and restricting the location of buildings and other structures. The property in question is located in what is defined by said ordinance as Class 2 Residential or Multiple Family Housing District. Section 17 of the ordinance, applicable to structures in class 2 district, reads as follows:

"The least dimension of a side yard shall not be less than five feet, provided that in the case of any building more than two and one-half stories in height, such least dimension shall not be less than one-sixth of the height of the building. Provided that a dwelling house existing on June 6, 1949, and having side yards that do not comply with the provisions of this section may be extended along such existing side yard lines."

The defendants Kellys are in the process of adding an addition to the residence owned by them on lot 4523, and, as a part of such structure, an extension westward to within approximately 11 inches of the east line of the premises of the plaintiff, in violation of the provisions of said ordinance.

The defendants Kellys, prior to the remodeling complained of, applied for a permit from the inspector of buildings to erect the stairway in question along the west side of defendants' property. Plans for the improvement were submitted to the building inspector and said building inspector issued to the defendants a permit authorizing the erection of such outside stairway.

Subsequent thereto, the building inspector ordered construction on the stairway to cease, and caused the arrest of the defendant Margaret Kelly, charging her

with the violation of the city building code by the erection of said stairway. Defendant Margaret Kelly was acquitted of said charge, and, thereafter, the defendants Kellys filed with the board of adjustment a petition for modification of the rule relative to side yards, as relating to the property of the defendants.

The city ordinance of the city of Lima provides for a board of adjustment whose authority and power is to vary the provisions relating to buildings, locations, and the like, in cases where a literal enforcement of the provisions of the ordinance relative to zoning will work a hardship.

A hearing was had upon such application before the board of adjustment, at which hearing both the plaintiff and the defendants appeared in person and by counsel. The board of adjustment, upon hearing, approved defendants' application for modification, and authorized the defendants to complete the stairway.

The evidence offered at the hearing before the board of adjustment, upon which it based its order approving the Kellys' application for modification, does not appear in the record submitted in this court.

The plaintiff denies the authority of the board of adjustment to vary the provisions of the zoning ordinance applying to side yards, but claims if such authority does exist, the board of adjustment abused its discretion in the instant case in approving the application of the defendants for modification.

The jurisdiction and powers of the board of adjustment are found in section 26 of the zoning ordinance of the city of Lima, and are, in part, as follows:

"The board as herein specified shall have power on application in a specific case where owing to special conditions a literal enforcement of the provisions of this ordinance will result in unnecessary hardship to so vary the application of such provisions in harmony

with the public interest and with the spirit of this ordinance that substantial justice shall be done * * *.''

The case of *L. & M. Investment Co.* v. *Cutler,* 125 Ohio St., 12, 180 N. E., 379, 86 A. L. R., 707, is directly in point and is decisive of the question raised in the instant case. Paragraph two of the syllabus of that case is as follows:

''Under the provisions of a Cleveland zoning ordinance a board of appeals was created with power to hear and decide all questions brought before it by appeal from the refusal or granting of permits by the commissioner of buildings, with power also to reverse, affirm or modify any decision appealed from, and to make such order, requirement or decision as in its opinion ought to be made under the circumstances. Under Section 1281-23 (b) of the same ordinance it is provided 'where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this subdivision, the board of appeals shall have power in a specific case to vary the application of any such provision in harmony with the general purpose and intent of the subdivision so that the public health, safety, morals and general welfare may be secured and substantial justice done.' *Held*:

''Such zoning ordinance, by conferring upon said board as an administrative agency and as a fact-finding body the power of determining whether, in specific cases, practical difficulties or unnecessary hardships would result to the owner's zoned property, and, if so determined, the power to vary the strict application of the provisions of the zoning ordinance thereto, does not constitute a delegation of legislative power within the purview of the constitution. The board, upon finding that such difficulties or hardships would ensue in applying the strict letter of the ordi-

nance provisions, may vary the application in accordance with the provisions of such sub-section, and may especially do so if it finds and assigns specific and adequate reasons therefor.''

As the record in the instant case fails to disclose the evidence submitted before the board of adjustment, it must be presumed that the board of adjustment had before it sufficient and appropriate evidence to support its finding.

''The general rule that in the absence of evidence to the contrary, public officers will be presumed to have properly performed their duties and not to have acted illegally, but regularly and in a lawful manner, is usually applied when regulations, decisions, or orders of administrative officers are challenged in court. Under this rule, decisions of zoning boards of appeals, review, or adjustment as to exceptions of variations in the application of zoning regulations are regarded as presumptively fair, reasonable, and correct, so that the burden is upon one complaining thereof to show that the board acted improperly.'' 58 American Jurisprudence, 1074, 1075, Zoning, Section 256.

It is the opinion of the court that the board of adjustment, under the zoning ordinance, had authority to vary the provisions of the zoning ordinance applying to side yards, and that it did not abuse its discretion in approving the application of the defendants for a modification thereof.

The court finds that the plaintiff is not entitled to the relief prayed for.

*Judgment accordingly.*

YOUNGER, P. J., and GUERNSEY, J., concur.