HOLIDAY HOMES, INC., APPELLANT, *v.* BUTLER COUNTY BOARD OF ZONING APPEALS ET AL., APPELLEES.

162

(No. CA86-01-008—Decided
May 26, 1987.)

*Strauss, Troy & Ruehlmann Co., L.P.A., George H. Palmer* and *C. Francis Barrett; Katz, Teller, Brant & Hild Co., L.P.A.,* and *Jerome S. Teller,* for appellant.

*John F. Holcomb,* prosecuting attorney, and *Victoria Daiker,* for appellees.

*Crabbe, Brown, Jones, Potts & Schmidt* and *William J. Brown,* urging reversal for *amicus curiae* Ohio Manufactured Housing Association.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Stephanie A. Zembar,* urging affirmance for *amicus curiae* Ohio Department of Health.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County.

This is an appeal by plaintiff-appellant, Holiday Homes, Inc., from a decision of the Court of Common Pleas of Butler County granting summary judgment to defendants-appellees; the Butler County Board of Zoning Appeals and others, on appellant's nine-count complaint[1] against them.

The record discloses that after obtaining an option to purchase approx-

---

[1] The nine counts of appellant's complaint included allegations: (1) that the board of zoning appeals subverted normal administrative appeal procedures and improperly rescinded its granting of a conditional use permit to appellant; (2) that the rescinding of the prior conditional use permit was preceded by deliberations conducted in an unlawful, closed-door meeting of certain public officials, which violated Ohio's "Sunshine Act" (R.C. 121.22); (3) that the zoning board's resolution rescinding its prior conditional use permit was un-

constitutional, illegal, arbitrary, capricious, and unsupported by any reliable, substantial and probative evidence; (4) that appellant was denied a fair hearing and due process of law and prejudiced thereby because: (a) planning commission witnesses were not sworn, (b) despite a conflict of interest, a planning commission member — Steven C. Faber — participated in and cast a deciding vote against appellant in the planning commission proceedings, and (c) based upon the advice of the prosecuting attorney, the planning commission based its decision on a

imately seventy-seven acres of land, appellant, on April 3, 1984, filed an application for a conditional use permit in order to construct and operate a mobile home park near State Route 747's intersection with Port Union Road in Union Township. The land in question was zoned A-1 (agricultural) at the time. However, according to Section 7.034 of the Butler County Zoning Resolution, mobile home parks could be located in an agricultural zone if a conditional use permit was obtained. According to appellant's president, appellant filed an application in April 1984 in order to assure itself that the zoning board of appeals would not subsequently disapprove the mobile home park after $60,000 to $70,000 of engineering work and planning was undertaken.

On April 17, 1984, the zoning board held a public hearing on appellant's conditional use permit application and passed a resolution stating:

" * * * On the basis of the above findings and by virtue of the authority vested in the Board of Zoning Appeals by law, said Board herewith approve[s] this request contingent upon compliance with [the] rules of the Ohio Public Health Council adopted pursuant to the Ohio Revised Code and upon recommendation of the Butler County Planning Commission and other local government agencies regarding compliance with regulations."

Appellant then purchased the land, began planning and engineering for the park, and expended considerable time and effort to obtain fourteen or more approvals from various agencies. Appellant's mobile park project came on for discussion before the Butler County Planning Commission on June 11, 1985.

At the June 11, 1985 planning commission meeting, considerable discussion and questioning of appellant's representatives took place regarding drainage, sidewalks, housing density, location of recreation facilities, and a relocation of the intersection of Port Union Road and State Route 747. When a vote was finally taken on whether appellant's plan should be approved, it was defeated three to two.[2]

---

version of the Butler County Land Use Plan not then in force; (5) that the board of zoning appeals' vote to rescind the prior conditional use permit took place without notice to appellant and without providing appellant an opportunity to be heard and was assisted by a conspiracy which included Butler County Commissioner Donald Dixon and Butler County Zoning Administrator Anthony Cecere, thereby denying appellant a property right in violation of Section 1983, Title 42, U.S. Code; (6) that planning commission member Steven C. Faber's failure to disqualify himself despite his personal interest in the outcome of the proceedings violated appellant's right to due process of law under Section 1983, Title 42, U.S. Code; (7) that R.C. Chapter 3733 preempted the county zoning board's authority over the construction of mobile home parks except to require it to comply with the rules of the Ohio Public Health Council; (8) that the actions of county officials constituted intentional discrimination against appellant's efforts to build a mobile home park for which no rational basis to prevent the project, except intentional discrimination, existed, thereby denying appellant its right to due process and equal protection of law and violating Section 1983, Title 42, U.S. Code; and (9) that the decisions of the board of zoning appeals and the planning commission, as well as the actions of the individual defendants, were unreasonable, tortious and contrary to law.

[2] One of the planning commission members who voted against the plan on both occasions was Steven C. Faber, who appellant alleges should have disqualified himself due to a conflict of interest in the development of the property in question.

However, this did not end consideration of the plan.

On July 1, 1985, in apparent response to a letter from the Butler County Administrator, an assistant prosecuting attorney wrote an opinion letter stating the planning commission's defeat of the motion to approve appellant's plan on June 11, 1985 did not necessarily constitute a planning commission recommendation *for or against* the board of zoning appeals' approval as required by the Butler County Zoning Resolution. Consequently, on July 9, 1985, appellant's mobile home park plan went before the planning commission a second time. After unsworn public discussion for and against the park was heard (most of it focusing on claims that the best use of this parcel would be industrial), the commission voted five to three to recommend against approval. The planning commission notified the zoning board by letter of its negative recommendation.

On July 16, 1985, with the planning commission's negative recommendation in hand, the Butler County Board of Zoning Appeals again took up appellant's application for a conditional use permit. After hearing from appellant's attorney regarding what had transpired to date and notwithstanding the negative planning commission recommendation, the board voted four to zero (with one abstention) to grant appellant a conditional use permit.

The next day, in what can only be termed an unusual event,[3] and in apparent response to a phone call from Anthony Cecere, the Administrator of the Butler County Building and Zoning Department, the same assistant prosecuting attorney previously mentioned wrote a letter to Cecere stating that the July 16, 1985 decision of the board of zoning appeals to grant appellant a conditional use permit was "invalid," and Cecere should not issue a zoning certificate.

Presented with Cecere's objections and the assistant prosecuting attorney's opinion, the board of zoning appeals on August 20, 1985 voted to rescind the conditional use permit it had granted appellant on July 16, 1985.

Frustrated by this course of events, appellant filed the instant action on August 28, 1985. In its prayer, appellant asked the trial court, *inter alia*, to: (1) declare the board of zoning appeals' July 16, 1985 decision granting appellant a conditional use permit a valid final decision (since time for an appeal had expired and no appeal was taken); (2) hold that if the zoning board's August 20, 1985 vote to rescind its July 16 conditional use permit was valid, that it constituted reversible error because it was unconstitutional, illegal, arbitrary, unreasonable, and was unsupported by any reliable, probative and substantial evidence; (3) enjoin the Butler County Department of Building and Zoning and its administrator, Cecere, from taking civil or criminal action against appellant arising from an alleged lack of a conditional use permit for construction of a mobile home park; and (4) award appellant compensatory and punitive damages for violation of its civil rights.

Appellees responded to appellant's complaint by filing an answer, a counterclaim, and a motion to dismiss for failure to state a claim on which relief can be granted. (Civ. R. 12[B] [6].)

---

[3] We describe the July 17, 1985 letter to Cecere as unusual because portions of what is stated clearly contradict statements made by the same assistant prosecuting attorney to the county administrator in a letter dated July 1, 1985 concerning the planning commission's recommendation on the same project.

After conducting a hearing on appellant's motion for a preliminary injunction and appellees' motion to dismiss, the trial court, on October 24, 1985, issued an opinion in which it treated both sides' motions as requests for summary judgment. After so construing the motions, the trial court denied appellant's motion for an injunction and granted appellees' motion for summary judgment. Stated succinctly, the trial court's opinion found that the board of zoning appeals' July 16, 1985 resolution granting appellant a conditional use permit was void and unlawful because an affirmative recommendation of the mobile home park plan by the Butler County Planning Commission was a prerequisite to the granting of a conditional use permit by the board of zoning appeals and because the zoning board's resolution failed to affirmatively find the relevant criteria in the zoning resolution were met by appellant's plans.

On January 3, 1986, the trial court entered judgment for appellees in accordance with its opinion. This appeal followed.

Before this court, appellant assigns a single error:

"The trial court erred to the prejudice of plaintiff-appellant in granting defendant[s]-appellees' motion for summary judgment and in overruling plaintiff-appellant's cross-motion for summary judgment."

We find this single assignment of error actually contains two separate claims and we will treat each separately. In Part I, we will address the trial court's granting of summary judgment to appellees. In Part II, we will examine the trial court's overruling of summary judgment for appellant.

### I

We find the trial court erred in granting summary judgment to appel-lees and reverse its judgment to that effect for the reasons which follow.

### A
### Ohio's Statutory Scheme for Zoning Unincorporated Areas

Zoning regulations are enacted through the exercise of the government's police power. *Euclid* v. *Ambler Realty Co.* (1926), 272 U.S. 365; *Pritz* v. *Messer* (1925), 112 Ohio St. 628, 149 N.E. 30; *Garcia* v. *Siffrin* (1980), 63 Ohio St. 2d 259, 17 O.O. 3d 167, 407 N.E. 2d 1369. Under Section 1, Article II of the Ohio Constitution, and with the exception of the municipal Home Rule Amendment contained in Section 3, Article XVIII of the Ohio Constitution, the police power of this state is entrusted to the Ohio General Assembly. *American Aggregates Corp.* v. *Warren Cty. Commrs.* (Apr. 20, 1987), Warren App. No. CA86-06-035, unreported, at 4-5.

In the area of zoning or land use control, the General Assembly has delegated a portion of its police power to Ohio counties in R.C. 303.02, which permits a county's board of commissioners to enact a comprehensive zoning plan for the unincorporated portions of the county. *American Aggregates, supra,* at 5. Within the confines of that R.C. Chapter 303 scheme, R.C. 303.13 empowers the board of county commissioners to establish and appoint a county board of zoning appeals. R.C. 303.14 then sets forth the powers of a county board of zoning appeals. R.C. 303.14(C) provides:

"The county board of zoning appeals may:

"* * *

"(C) Grant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution."

Within R.C. Chapter 303, we can find no provision giving a county plan-

ning commission power to interfere with or subvert the authority of the county board of zoning appeals to grant conditional use permits.

## B
### The Planning Commission's Role in Granting a Conditional Use Permit in an A-1 District

In granting summary judgment to the appellees, the trial court found that Section 11B.49 of the Butler County Zoning Resolution requires the board of zoning appeals to receive an affirmative or favorable recommendation from the planning commission before it can consider granting a conditional use permit to establish a mobile home park in an A-1 (agricultural) district. Such a reading of the Butler County Zoning Resolution is erroneous.

Section 11B.49 of the Butler County Zoning Resolution provides:

"The Board of Zoning Appeals, after recommendation by the Planning Commission, and upon making an affirmative finding with regard to the above criteria, may authorize the issuance of a Conditional Use Permit for a mobile home park located in an A-1 District or a Travel Trailer Park. The Zoning Inspector must subsequently determine that all the required improvements have been installed prior to permitting the mobile home park to be occupied."

The trial court's interpretation of this section effectively grants the planning commission equal authority with the zoning board in the granting of conditional use permits because a negative planning commission recommendation prevents the zoning board from granting a conditional use permit that would allow a mobile home park in an A-1 district. This interpretation of Section 11B.49 is totally unsupported by its language as well as other sections of the Butler County Zoning Resolution.

Section 21.41 of the Butler County Zoning Resolution, relying on R.C. 303.14(C), grants the board of zoning appeals *alone* the authority to grant conditional use permits when the application shows the proposed use is permitted by the applicable zoning designation. Nowhere in Section 21.41 is the planning commission granted any authority to overrule or prevent the granting of a conditional use permit.

The reason for the omission of any statement of the county planning commission's powers in the Butler County Zoning Resolution concerning the granting of a conditional use permit stems, at least in part in our view, from the fact that the planning commission's role in zoning matters is limited. Based on R.C. 713.22, which empowers a board of county commissioners to create a county planning commission, and R.C. 713.23, which describes the powers and duties of a county planning commission, we conclude the county planning commission's role in zoning, as the commission's name suggests, is limited to such things as planning, gathering pertinent information, and making recommendations based thereon (concerning zoning and conditions created by existing zoning laws and the effects of proposed zoning changes). See *State, ex rel. Ohio Power Co.,* v. *Franklin Cty. Regional Planning Comm.* (1953), 158 Ohio St. 496, 49 O.O. 421, 110 N.E. 2d 415.

Based on our review of R.C. 303.14 (C), Section 21.41 of the Butler County Zoning Resolution and R.C. 713.23, we hold that the county planning commission does not possess the authority to prevent or overrule a decision by the county board of zoning appeals on the granting of a conditional use permit.

Construing Section 11B.49 in light of R.C. 713.23 and 303.14(C), and employing the plain meaning of all three sections, the planning commission's authority in any case where a condi-

tional use permit is sought in order to establish a mobile home park in an A-1 district is limited to providing the zoning board with its recommendation (whether it be favorable or unfavorable and perhaps with or without its explanation and/or suggestions), and nothing more.

Finally, we note that our conclusion that the county planning commission lacks the power to prevent the granting of conditional use permits for the establishment of a mobile home park in an A-1 district is clearly contemplated in Section 11B.47 of the Butler County Zoning Resolution, which authorizes the planning commission alone to extend time for the start of construction of a mobile home park when it is to be located in an R-MHP district (residential-mobile home park), but grants time-extension authority to the zoning board of appeals alone in A-1 districts.

Because R.C. 303.14(C), R.C. 713.23 and Sections 21.41 and 11B.49 of the Butler County Zoning Resolution demonstrate the county planning commission's authority to make recommendations to the zoning board concerning the granting of a conditional use permit to operate a mobile home park in an A-1 district was never intended to constitute a second level of review or a second approval necessary to the granting of such a permit, the trial court's first rationale for granting summary judgment to appellees fails.[4]

## C
## The Need to Make Affirmative Findings Before Granting a Conditional Use Permit

In granting summary judgment to appellees the trial court also concluded the board of zoning appeals' July 16, 1985 resolution to grant appellant a conditional use permit was null and void because it failed "to affirmatively find the criteria in the zoning resolution pertaining to mobile home parks had been met." Both this conclusion and the manner in which it was reached were legally erroneous.

First, although the trial court's opinion recognized no appeal had been filed concerning the zoning board's July 16, 1985 decision, its conclusion — that the July 16, 1985 decision was null and void due to a non-jurisdictional defect — constitutes nothing less than an exercise of the court's authority, granted in R.C. 2506.01, to review decisions of the county board of zoning appeals.

Second, assuming *arguendo* that the words "affirmative finding" as used in Section 11B.49 of the Butler County Zoning Resolution mean an express written finding, the zoning board's failure to include such express written findings in its July 16, 1985 resolution to grant appellant a conditional use permit did not render that resolution null and void, *i.e.*, of no legal effect whatsoever, but merely made it voidable, *i.e.*, tainted with an error of law, making it valid but subject to re-

---

[4] Appellees' reliance on Section 11B.48 of the Butler County Zoning Resolution as a predicate for upholding the trial court's decision in this case strikes us as being less than candid. It is clear on the face of Section 11B.48 that its application is limited to and intended to be limited only to cases in which a mobile home park is being established in an R-MHP (residential-mobile home park) district. Such an R-MHP district is clearly not involved in this case. Since Section 11B.49 is clearly applicable and intended to apply in this case, we find no reason to construe unrelated substantive provisions (11B.48 and 11B.49) *in pari materia*. Appellees' reliance on Section 11B.48 has not credibly assisted their cause in the eyes of the court.

versal on appeal. When, however, no appeal was taken within the applicable time limit (see R.C. 2506.01 and 2505.07[B] before their amendment effective March 17, 1987), any non-jurisdictional defect — such as failing to incorporate into the resolution express written findings that all the required criteria were met — became final and immune from collateral attack. *Wade v. Cleveland* (1982), 8 Ohio App. 3d 176, 8 OBR 236, 456 N.E. 2d 829, paragraph two of the syllabus. Yet, the errors in the trial court's opinion do not end here.

Instead of clothing the zoning board's July 16, 1985 decision with a presumption of validity and regularity, *Wheeling Steel Corp.* v. *Evatt* (1944), 143 Ohio St. 71, 28 O.O. 21, 54 N.E. 2d 132, paragraph seven of the syllabus; *McCauley* v. *Ash* (1954), 97 Ohio App. 208, 55 O.O. 458, 124 N.E. 2d 739, and according it full force and effect once no appeal was filed, the trial court erroneously presumed its irregularity and vulnerability to attack and, ultimately, found it was void. *Wade* v. *Cleveland, supra,* at paragraph three of the syllabus.

Therefore, we conclude that the trial court's decision to grant summary judgment to appellees — because the zoning board's July 16, 1985 resolution did not contain affirmative findings — was also error.

## II

The trial court denied summary judgment to appellant because it found appellant acquired no rights by virtue of the board of zoning appeals' void July 16, 1985 resolution. In Part I of this decision, we have found the trial court's decision in this regard was error and appellant *did* acquire rights as a result of the zoning board's July 16, 1985 action.

Since appellant's single assignment of error also alleges that the trial court erred in denying summary judgment to appellant, App. R. 12(A) requires us to address this matter as well. Having already determined in Part I that a valid conditional use permit resolution was passed by the board of zoning appeals on July 16, 1985, we need now only determine whether any subsequent event could have invalidated that July 16 resolution. In examining the record for such an event, we find only the zoning board's August 20, 1985 resolution could arguably have had such an effect.

## A

The Validity of the Board of Zoning Appeals' August 20, 1985 Resolution

On August 20, 1985, in reliance on the opinion letter of an assistant prosecuting attorney stating the resolution granting appellant a conditional use permit on July 16, 1985 was invalid, the board of zoning appeals voted to rescind its July 16 resolution.

In *State, ex rel. Borsuk,* v. *Cleveland* (1972), 28 Ohio St. 2d 224, 57 O.O. 2d 464, 277 N.E. 2d 419, paragraph one of the syllabus, the Ohio Supreme Court held:

"An administrative board or agency * * * has jurisdiction to reconsider its decisions until the actual institution of a court appeal therefrom or until expiration of the time for appeal, in the absence of specific statutory limitation to the contrary."

Turning to R.C. 303.14 in which the powers of the board of zoning appeals are listed, we find specific statutory authority is granted to the board of zoning appeals in R.C. 303.14(D) to "[r]evoke an authorized variance or conditional zoning certificate granted for the extraction of minerals, if any condition of the variance or certificate is violated." The statute provides no time limitation on when such a revocation may take place.

Based on *Borsuk, supra,* since R.C. 303.14 grants the board of zoning appeals power to reverse its prior decision only in certain mineral extraction cases, the period in which the zoning board could reconsider and/or reverse its July 16, 1985 resolution was limited to the earlier of: (1) the time at which an appeal was filed, or (2) the time at which all affected parties' time to appeal expired. In this case, since no appeal was taken from the zoning board's July 16, 1985 resolution, the zoning board had ten[5] days in which to reconsider and reverse its decision. Not coincidentally, we believe, Section 21.34 of the Butler County Zoning Resolution provides:

"A decision of the Board shall not become final until the expiration of ten days from the date such decision is made, unless the Board shall find the immediate taking effect of such decision is necessary for the preservation of property or personal rights and shall so certify on the record."

In light of *Borsuk, supra,* R.C. 2506.01 and 2505.07, and Section 21.34 of the Butler County Zoning Resolution, we find that the board of zoning appeals was without jurisdiction, on August 20, 1985, to rescind its July 16, 1985 resolution granting appellant a conditional use permit because the statutory period for an appeal of the zoning board's July 16 resolution expired before a resolution was passed rescinding it. See *In re Appeal of Bidlack* (1982), 3 Ohio App. 3d 351, 3 OBR 408, 445 N.E. 2d 722, paragraph one of the syllabus.

We hold appellant's second claim in its sole assignment of error has merit, and the trial court should have granted appellant summary judgment on its complaint insofar as it sought to set aside or prevent enforcement of the board of zoning appeals' August 20, 1985 resolution rescinding the conditional use permit granted appellant on July 16, 1985. Simply stated, the zoning board was without jurisdiction to rescind its July 16, 1985 resolution on August 20, 1985. Being without jurisdiction to act, its action on August 20, 1985 was and is *void*.

### III
### Conclusion

In Part I of this decision, we have concluded that because the trial court's reasons for granting summary judgment to appellees are legally unsupportable, appellant's assignment of error, insofar as it challenges the trial court's granting of summary judgment to appellees, is sustained and the trial court's judgment should be and is reversed.

In Part II of this decision, we found that, because the trial court failed to grant summary judgment to appellant on its complaint insofar as it sought to set aside the board of zoning appeals' August 20, 1985 resolution, it erred and its judgment in that regard is reversed.

Pursuant to App. R. 12(B), this court finds from the record that, as a matter of law, the board of zoning appeals lacked jurisdiction to rescind its July 16, 1985 resolution on August 20, 1985 because such action was taken beyond the time in which the board could reconsider its July 16 decision.

Consequently, the judgment of the trial court is reversed and this cause is remanded to the trial court with in-

[5] On July 16, 1985, R.C. 2506.01 and 2505.07(B) together provided that an appeal from boards, such as the board of zoning appeals, must be filed within ten days of the decision's being rendered.

However, on March 17, 1987, new versions of R.C. 2506.01 and 2505.07 became effective, making the statutory appeal period thirty days.

structs that the trial court enter summary judgment for appellant because the board of zoning appeals lacked jurisdiction on August 20, 1985 to rescind its granting of a conditional use permit to appellant on July 16, 1985. The trial court is further ordered and instructed to issue an order (1) to the Butler County Board of Zoning Appeals to issue a conditional use permit to appellant in accordance with the board's July 16, 1985 resolution, and (2) to enjoin appellees from criminally or civilly interfering with appellant's activities undertaken in accordance with such permit.

In light of our resolution of the case *sub judice* based solely on errors committed by the trial court in granting summary judgment, we need not reach the constitutional arguments presented in appellant's and the *amici* briefs before us (concerning the impact of R.C. Chapter 3733 on local zoning authority over mobile home parks).

The balance of appellant's complaint, insofar as it is not resolved by this appeal, is remanded for further proceedings.

*Judgment reversed and cause remanded.*

KOEHLER, P.J., JONES and HEN-DRICKSON, JJ., concur.