OPINION
Plaintiff-appellant Donald R. Zickefoose appeals the June 2, 1999, Judgment Entry of the Ashland County Court of Common Pleas affirming the Decision of the Green Township Board of Zoning Appeals granting a variance to Robert and Esther Eicher. Defendant-appellee is the Board of Zoning Appeals Green Township.
 STATEMENT OF THE FACTS AND CASE
On or about March 24, 1998, Robert and Esther Eicher filed an application for a zoning variance from the Green Township Board of Zoning Appeals. The variance application requested authority to operate a business on the Eicher's property located at 522 County Road 2575, Loudonville, Ohio. The Eichers stated that they wished to operate a cabinetmaking business in which they would have up to five employees, excluding Robert Eicher. The Eichers' property is zoned F-2 and described as a general farming district. The record reflects that the Eichers had previously been issued a home occupation permit which permitted the Eichers to reside in part of a building in which a cabinet manufacturing business was located and operated. This arrangement was to continue until the Eichers were in a position to build a separate home. In reliance on the permit, the Eichers built a home on the property. The Eichers were going to move into their new home and continue to operate the cabinet manufacturing business in the building where they previously resided and manufactured cabinets. It is not disputed that the Eichers were told that their permit allowed them to move into their new home and keep operating the cabinet business from the original building. Appellant lives on the property adjacent to the Eichers' home. Upon learning of the permit issued to the Eichers, appellant complained in a timely fashion to the Board of Zoning Appeals. Subsequently, appellant filed suit in the Court of Common Pleas for Ashland County. The record reflects that the Court of Common Pleas vacated the permit, but found that appellant had suffered no damage. After the court's ruling, Robert Eicher sought a variance from the Board of Zoning Appeals so that he could continue his cabinetmaking business and live in the newly built home. The Eichers' situation was discussed at three hearings, held April 13, 1998, March 4, 1998, and March 25, 1998. Minutes of those meetings have been presented to this court. Transcripts of the March 4 and March 25, 1998, hearings were also filed. Further, the depositions of Zoning Board members Jeff Byers, William Kick and Steven Ayers were filed. On April 13, 1998, the Board of Zoning Appeals granted the Eichers a variance allowing the Eichers to continue to operate the cabinetmaking business, thereby, also permitting the Eichers to live in their newly built home on the property. Appellant timely appealed the Board's decision to the Ashland County Court of Common Pleas. In a Judgment Entry filed June 2, 1999, the trial court affirmed the decision of the Board of Zoning Appeals. It is from the June 2, 1999, Judgment Entry that appellant pursues this appeal, raising the following issues:
ASSIGNMENT OF ERROR I
THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE ZONING BOARD BECAUSE THE ZONING REGULATIONS OF GREEN TOWNSHIP, ASHLAND COUNTY, OHIO, DO NOT PERMIT COMMERCIAL AND INDUSTRIAL USES IN AN F-2 GENERAL FARM DISTRICT.
 ASSIGNMENT OF ERROR II
THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE ZONING BOARD DID NOT ACT ARBITRARILY AND/OR CAPRICIOUSLY.
 ASSIGNMENT OF ERROR III
THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE DECISION OF THE ZONING BOARD WAS SUPPORTED BY THE APPROPRIATE STANDARD OF EVIDENCE.
 ASSIGNMENT OF ERROR IV
THE TRIAL COURT ERRED IN ITS CONSIDERATION OF AND DETERMINATION THAT A DENIAL OF THE VARIANCE WOULD HAVE CAUSED UNNECESSARY HARDSHIP UPON THE PARTY GRANTED THE VARIANCE.
 I
Appellant contends, in his first assignment of error, that the trial court erred when it affirmed the decision of the Zoning Board because the Zoning Regulations of Green Township do not permit commercial and industrial businesses in a F-2 General Farm District. We disagree. A township board of zoning appeals has the power to grant variances from the terms of a township zoning resolution. A township board of zoning appeals' power to grant variances is derived from R.C. 519.14, which states in pertinent part: The township board of zoning appeals may: Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done;
R.C. 519.14(B).
We find that R.C. 519.14(B) is broad enough to allow a zoning board of appeals to grant a variance for commercial or industrial use if the use meets the tests set forth in the statute. Appellant contends that the Green Township Zoning Resolution is more restrictive than the criteria established by R.C. 519.14 and that the Zoning Board exceeded its authority when it issued the variance. In regards to the consideration of a variance, the Green Township Zoning Resolutions state the following: 347 Variance: A variance is a relaxation of requirements where such variance will not be contrary to the public interest and where owing to conditions peculiar to the property and not the result of actions of the applicant, a literal enforcement of this Resolution would result in unnecessary and undue hardship. An application for a variance shall be valid for one (1) year. If the work necessary to complete the activity described in the variance is not completed, a new application shall be filed.
803 Powers and Duties of the Board . . .
2. Variances: To authorize upon appeal, where, by reason of exceptional narrowness, shallowness or shape or exceptional topographic conditions or other extraordinary situations or conditions of a lot, the strict application of the terms of this Zoning Resolution would result in peculiar and exceptional difficulties or undue hardship upon the owner thereof, to authorize a variance from such strict application relieve such difficulties or hardships, providing such relief may be granted without substantially impairing the intent of this Resolution, and provided that no variance shall be granted unless the Board finds that all of the following conditions exist: A. The strict application of the provisions of the Resolution would result in practical difficulties or unnecessary hardship inconsistent with the general purpose and the intent of this Resolution. B. There are exceptional or extraordinary circumstances or conditions applying to the property involved or to the intended use or development of the property that do not apply generally to other properties or uses in the same zoning district or neighborhood. C. The granting of such variance will not be of substantial detriment to the public interest or to the property or improvements in the district in which the variance is sought, and will not materially impair the purpose of this Resolution. (Emphasis original.)
However, as this court has previously held, "[t]he power of a township board of zoning appeals to grant a variance is derived from R.C. 519.14 and not from the township zoning resolution". Augustus v. Genoa Township Bd. Of Zoning Appeals (Aug. 4, 1981), Delaware App. No. 80-CA-11, unreported, 1981 WL 6379 (citing Cole v. Board of Zoning Appeals (1973), 39 Ohio App.2d 177). The Cole court concluded that since "[t]he power to grant a variance is derived from the statute and not the zoning resolution . . . any provisions of a township zoning resolution purporting to create more stringent or more liberal standards for the granting of a variance than those set forth in R.C. 519.14 are invalid and unenforceable, not because they are unconstitutional, but because they exceed the legislative authority delegated to the board of township trustees and the powers given to the township board of zoning appeals by the General Assembly." Cole v. Board of Zoning Appeals, supra, at 183. Even if we were to apply only the language of the zoning resolution, we find that that language is broad enough to allow the zoning board of appeals to grant a variance for the purpose requested in the case sub judice. In addition, the board of zoning appeals must be given due deference in interpreting its own resolution language. Klaben Ford, Inc. v. City of Kent Board of Zoning Appeals (1992), Portage County Court of Appeals, No. 91-P-2342. Appellant reads the Resolutions to restrict variances to situations in which there is something exceptional about the physical characteristics of a piece of land. Appellant contends that the language authorizing the Board to grant a variance "where by reason of exceptional narrowness, shallowness or shape or exceptional topographic conditions or other extraordinary situations or conditions of a lot" is drafted so as to limit the conditions for a variance to physical characteristics of the land. However, we find that the resolution's language, "other extraordinary situations or conditions", may be interpreted to include peculiar conditions such as reliance upon a previously issued permit, which are not faced by others in the community. We find that, in acknowledging that the Board has the authority to act in accordance with the power granted by R.C. 519.14, and in giving deference to the Board's interpretation of the Resolutions, the resolution authorizes the grant of a variance for extraordinary situations or conditions pertaining to a piece of property. The Zoning Board of Appeals' interpretation of the Resolutions, finding that such extraordinary situations or conditions are not limited to the physical characteristics of the lot, is supported by a review of the findings which the Board must make in deciding to grant a variance. One of the findings which the Board must make in order to grant a variance is that [t]here are exceptional or extraordinary circumstances or conditions applying to the property involved or to the intended use or development of the property that do not apply generally to other properties or uses in the same zoning district or neighborhood." Green Township Zoning Regulations, 803 (B) (Emphasis added.) A reasonable interpretation of this language is that a variance may be granted not only when a lot has exceptional physical characteristics but also when there are exceptional circumstances or situations involving the property or the intended use or development of the property. Therefore, in deferring to the Board's interpretation, we find that the Board did not exceed its authority when it granted the variance to the Eichers. Lastly, appellant argues that the Board failed to make specific findings as required by the Green Township Zoning Resolutions. See Par. 803 of Zoning Resolution, supra. We agree with the Second District Court of Appeals which found that a Board's decision could be reviewed and affirmed by a trial and appellate court even if the Board failed to make the specific findings as required by a local zoning resolution as long as the evidence was sufficient to show that the trial court applied the correct standard of review. Cahill v. Board of Zoning Appeals of City of Dayton (1986), 30 Ohio App.3d 236, 238, 507 N.E.2d 411. The evidence in the record must be such that the lack of findings does not impede the review of the trial court. We find that the evidence is sufficient for the trial court's review and did not impede our review. Appellant's first assignment of error is overruled.
 II, III IV
Appellant argues that the Board's decision to grant the variance to the Eichers was arbitrary, capricious and not supported by the appropriate standard of evidence, and that the trial court erred when it found that the denial of the variance would have caused unnecessary hardship upon the Eichers. R.C. 2506.04 sets forth the scope of the trial court's jurisdiction over these issues. That statute provides: The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code. R.C. 2506.04.
In undertaking this review, "the [trial] court may not, especially in areas of administrative expertise, blatantly substitute its judgment for that of the agency." Budd Co. v. Mercer (1984),14 Ohio App.3d 269, 273-274, 14 OBR 298, 303, 471 N.E.2d 151, 156. The Ohio Supreme Court has provided further guidance regarding the review of zoning matters. "Zoning resolutions are in derogation of the common law and deprive a property owner of certain uses of his land to which he would otherwise be entitled." Saunders v. Clark Cty. Zoning Dept. (1981), 66 Ohio St.2d 259, 261, 20 O.O.3d 244, 246, 421 N.E.2d 152, 154. Therefore, they must be strictly construed in favor of the property owner, and "the scope of restrictions cannot be extended to include limitations not clearly prescribed." Id. A variance is intended to permit amelioration of strict compliance of the zoning ordinance in individual cases. It is designed to afford protection and relief against unjust invasions of private property rights and to provide a flexible procedure for the protection of constitutional rights. Nunamaker v. Bd. of Zoning Appeals (1982), 2 Ohio St.3d 115, 443 N.E.2d 172; In re Appeal of Clements (1965), 2 Ohio App.2d 201,207 N.E.2d 573. A board's authorization is presumed to be valid, and the burden of showing the claimed invalidity rests upon the party contesting the determination, C. Miller Chevrolet v. Willoughby Hills (1974), 38 Ohio St.2d 298, 313 N.E.2d 400, paragraph two of the syllabus; McCauley v. Ash (1954), 97 Ohio App. 208, 216,124 N.E.2d 739, and, as discussed previously, an administrative agency must be given due deference in interpreting its own statutes, see Lorain Cty. Bd. Of Education v. State Emp. Relations Board (1988),40 Ohio St.3d 257, 260, 533 N.E.2d 264, 266; Hydeck v. Suffield Twp. Bd. Of Zoning (Mar. 6, 1992), Portage App. No. 91-P-2319, unreported, 1992 WL 190164. In Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34, 12 OBR 26, 29-30, 465 N.E.2d 848, 852, the Ohio Supreme Court interpreted R.C. 2506.04 and set forth the applicable standard of review for this court: An appeal to the court of appeals pursuant to R.C. 2506.04 is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence.
Appellant's primary contention is that the Eichers' business is commercial and that commercial operations cannot and/or should not be permitted in a general farming district and that Eicher is responsible for creating his own alleged hardship. However, appellant presented little substantive evidence that the grant of the variance is in violation of R.C. 519.14. Appellant contended that the business was serviced by a semi-truck on one occasion. The testimony showed that the semi-truck was not in the business' shared driveway to service the cabinetmaking business but to deliver flooring to one of the residences that share the driveway. The following facts in support of the grant of the variance are reflected in the record: Eicher has been in the business of making cabinets since 1992. Minutes of the April 4, 1998, hearing before the Green Township Zoning Appeals Board. At the time of the April, 1998, hearing, the business employed two persons, Eicher's brother and father. Id. The Eichers' property is in a General Farming district. The cabinetmaking business would be classified as commercial and is not a permitted or conditional use allowed in a General Farming District. However, Robert Eicher was previously issued a permit to operate his business on his property in Green Township. The Eichers relied upon the permit to operate the business in a pole building, in which they lived, and build a home on the property in which the Eichers intended to move when completed. At the time of the March 4, 1998, hearing, the home was completed and ready for the Eichers to move into. However, the prior permit had been vacated by the Ashland County Court of Common Pleas. The transcript of the March 4, 1998, Board of Zoning Appeals Hearing reflects that the trial court that vacated the Eichers' previous permit found that "what the Eichers have done with the land so far does not amount to a nuisance, and the [Eichers] have taken all necessary steps to make their business unobtrusive and esthetically pleasing as possible." Id. The record of the hearing reflects that the previous trial court's opinion and judgment entry stated it was "hard for this court to imagine that [appellant] is suffering any harm. The Eicher residence can barely be seen from the complaining party's home." Id. The business makes custom cabinets only, operates on a low volume, doing approximately two kitchens per day and is not a large commercial business. Minutes of April 4, 1998, hearing. The shop uses a diesel motor that is built into an insulated building with noise controlled exhaust. Id. The trial court in the previous case found "[t]hat a generator and planer could not be heard at all." Id. Traffic in and out of the business is limited to approximately one delivery truck per week. There are a few cars that come and go but the business is not retail. Robert Eicher testified that none of his deliveries are made by semi-trucks. Id. There are no plans to expand the business past the number of employees as requested on the request for a variance, specifically, six people, including Robert Eicher, or to expand the size of the shop itself or the volume of work. Id. Board Member Steven Ayers testified at his deposition that "no other neighbors, was [sic] contesting [the variance]. His former neighbors had no problem with it. We were out and viewed it. There was one person that was fussing about it, and then that person sold their house and got, I think, what they were asking for it or close to it and moved and nobody complained. The new neighbors, the new people that bought the house had no complaints." Ayers Deposition at 6. Robert Eicher still uses his property for agricultural use, raising horses. The Board found that the business is in a "farm type pole barn and does not detract from the rural F-2 zoned area Green Twp. is trying to preserve. All agricultural areas at time of purchase will remain agricultural." Minutes of April 13, 1998, hearing. The evidence of unnecessary hardship came from Robert Eicher's own testimony under oath. Robert Eicher testified that since his home occupation permit was vacated, he has had many hardships including family and employees families' hardships and customers having to wait on cabinets. In reliance on the previous permit, the Eichers built a home in addition to their pole barn containing their cabinetmaking business. This hardship is confirmed by Board Member William Kick's deposition which reflects that the Board discussed that the Eichers had already been granted a permit, and in reliance on what they believed to be a valid permit, the Eichers went ahead and made improvements to the land and were operating the business. Kick Deposition at 8. Board Member Steven Ayers' deposition likewise reflects that he felt that the Board had created the hardship by granting him a permit. Dr. Jeff Byers, a Board Member, confirmed "a finding that the granting of a variance to Eichers would not be a substantial detriment to the public interest or to the property or improvements in the district in which the variance was sought" was "certainly a part of our discussion over the many months that proceeded this and it was in our decision making process." Byers Deposition, at 8-10. Dr. Jeff Byers, a Board member, stated in a deposition that the Board members did not feel the cabinetmaking business was a public nuisance, eyesore or a noise problem to immediate neighbors and therefore agreed with the grant of the variance. Byers Deposition at 8. We find appellant has failed to meet his burden to show that the Board's decision was invalid. Further, upon review of the record, in light of R.C.519.14 and the stated purpose of a General Farm District, supra, we find the decision of the trial court to uphold the grant of the variance is supported by the preponderance of the substantial, reliable, and probative evidence in the record, including the finding that the granting of the variance would have caused the Eichers unnecessary hardship, and that the Board's decision was not arbitrary or capricious. In so doing, we reject appellants argument that the Eichers created their own hardship by operating their business in a general farming district. We further find that the Eichers relied upon the permit issued by Green Township and thereby did not create the hardship themselves. Appellant's second, third and fourth assignments of error are overruled.
The judgment of the Ashland County Court of Common Pleas is affirmed.
By EDWARDS, GWIN, P.J. and MILLIGAN, V.J. concurs.