DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment issued by the Fulton County Court of Common Pleas to a township in a zoning dispute. Because we conclude that the doctrine of res judicata bars defenses, including a constitutional challenge to the zoning ordinance, that could have been raised in an R.C. 2506 appeal, we affirm.
 {¶ 2} In 1979, appellant, Thomas Yackee, placed a mobile home on land he owned in Clinton Township, Fulton County, Ohio. Less than ten years later appellant removed the mobile home, but left the concrete pad to which it had been attached, as well as a septic system and well.
 {¶ 3} In 1995, appellee, Clinton Township trustees, adopted certain modifications to its zoning code, including new setback, frontage and size restrictions on structures placed in the township.
 {¶ 4} In 1997, appellant purchased a manufactured home which, after slight site modifications, he placed on the same concrete pad as his earlier structure. It is undisputed that the new structure does not comply with the Clinton Township zoning code in a number of respects.
 {¶ 5} On November 25, 1997, appellant applied to appellee's board of zoning appeals ("BZA") for a "conditional use permit" for his manufactured home. On December 22, 1997, following a hearing, the BZA approved appellant's application, "good for (1) year only." On December 17, 1998, appellant applied for a second conditional use permit. On January 25, 1999, the BZA denied appellant's application, but allowed him until May 1, 1999, to remove the home. Appellant did not appeal the BZA's decision; neither did he remove the manufactured home within the allotted time.
 {¶ 6} On September 27, 2001, appellee initiated the suit which underlies this appeal. Appellee sought a declaration that appellant's use of his property in violation of the township zoning code constitutes a nuisance per se, an order that appellant abate the nuisance by removing the manufactured home from the lot and an injunction barring appellant from erecting on his property any structure that violates the zoning code. In an answer and amended answer, appellant denied that he was in violation of the zoning code and, additionally, asserted that the code as applied to him was unconstitutional. Following a frequently contentious period of discovery, the matter was submitted to the court on cross-motions for summary judgment. On consideration, the court granted appellee's summary judgment motion and denied appellant's. This appeal followed. Appellant sets forth the following three assignments of error:
 {¶ 7} "I. The trial court erred in granting appellee's motion for summary judgment.
 {¶ 8} "A. Res judicata is not a preclusive bar to appellant.
 {¶ 9} "B. Appellant's failure to exhaust administrative remedies does not justify trial court's abstention.
 {¶ 10} "1. Appellee waived the defense of failure to exhaust administrative remedies.
 {¶ 11} "2. Appellant's challenging of the constitutionality of township zoning resolutions is an exception to the failure to exhaust administrative remedies.
 {¶ 12} "II. The trial court abused its discretion by not granting appellant's motions regarding production of prior versions of the zoning resolution and depositions of appellee's zoning officials.
 {¶ 13} "III. The trial court erred by not finding that appellant had a factual and legal basis for maintaining a manufactured home on his property indefinitely, and by not granting summary judgment in appellant's favor."
 {¶ 14} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated "*** (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 15} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc.(1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 {¶ 16} Appellee moved for summary judgment, noting that in his answer appellant had admitted that his manufactured home did not comply with the Clinton Township zoning code, that he had been denied administrative relief for this deficiency, and had not appealed that determination. Any defenses appellant claimed, appellee maintained, were barred by the doctrine of res judicata.
 {¶ 17} Appellant responded in his memorandum in opposition that res judicata did not apply because the BZA proceeding was not a judicial proceeding as is required before res judicata may be applied. Moreover, according to appellant, his challenge to the constitutionality of the zoning code was not encompassed in the doctrine of res judicata, even if it were to apply, because it was not an issue which would have been litigated before the board of zoning appeals.
 {¶ 18} The doctrine of res judicata decrees that an existing final judgment between parties in litigation is conclusive to all claims which were or might have been litigated in the initial proceeding. Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 382. The doctrine is applicable to determinations made by a board of zoning appeals. Wade v. City ofCleveland (1982), 8 Ohio App.3d 176, 178. Indeed, Grava involved an attempt to challenge an unappealed decision of a township board of zoning appeals. Grava at 383.
 {¶ 19} A decision of an administrative body which is not timely appealed, see R.C. 2506.01 and 2506.07, becomes final and immune from collateral attack from all but jurisdictional defects. Holiday Homes,Inc. v. Butler Cty. Bd. of Zoning Appeals (1987), 35 Ohio App.3d 161,168. Litigation of a constitutional claim that was or could have been raised in such a proceeding is barred if based on the same set of facts and evidence that would have been material to a final decision of the board or an appeal taken from such a decision. Queener v. City of Dayton
(Dec. 31, 1997), Montgomery App. No. C.A. 16494.
 {¶ 20} The Clinton Township zoning code provides that certain specifically identified property uses may be undertaken in zoned areas if the landowner applies for and obtains a conditional use permit. Appellant's application for a conditional use permit implicated none of these enumerated uses. Consequently, the board of zoning appeals improperly awarded to appellant the initial, one year permit. What appellant should have requested was a zoning variance or a certificate of nonconforming use.
 {¶ 21} In any event, all that could have been sorted out if appellant had pursued an R.C. 2506 appeal. Since he did not initiate such an appeal, he is now foreclosed by the doctrine of res judicata from raising any issue which he should or could have raised in such an appeal.
 {¶ 22} Appellant argues that the BZA could not have heard his constitutional challenge; however, R.C. 2506.03 provides that in certain circumstances, on administrative appeal, the common pleas court may consider evidence and issues not raised at the administrative hearing. One of the things that can be raised during such an appeal is a challenge to the constitutionality of the zoning ordinance. SMC, Inc. v. Laudi
(1975), 44 Ohio App.2d 325, 327, citing State ex rel. Sibarco Corp. v.City of Berea (1966), 7 Ohio St.2d 85. Consequently, the doctrine of res judicata applies to bar a constitutional challenge to a zoning ordinance if it is not raised in an R.C. 2506 appeal. Wingard v. City of Stow
(Apr. 6, 1988), Summit App. No. 13255.
 {¶ 23} There is no question of material fact in this case. Appellant readily admits that his placement of a manufactured home on his property violates the zoning ordinance. Any legal defenses he may have had, including the constitutionality of the ordinance as it applies to him, could have been raised at either the BZA hearing or an appeal from the order of the BZA. However, since appellant failed to perfect a timely appeal from the BZA decision, he is barred by the doctrine of res judicata from relitigating those issues here. What remains is appellant's admission that his property use violates the ordinance. On this admission, appellee is entitled to the remedy it seeks to abate the violation.
 {¶ 24} Accordingly, appellant's first assignment of error is not well-taken. His remaining assignments of error are moot.
 {¶ 25} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
Pietrykowski and Lanzinger, JJ., concur.