OPINION
{¶ 1} On September 13, 2002, appellees, Carl Douglass, Jr. and Martha Miller, filed an application for a zoning variance with the Copley Township Board of Zoning Appeals (hereinafter "Board"). The application requested a variance of twelve feet from the required minimum lot width so that appellee Miller could split the property in question and build a second home on the property.
 {¶ 2} A hearing before the Board was held on October 23, 2002. The Board granted the variance.
 {¶ 3} On or about November 11, 2002, appellants herein, Patricia Baird, Albert Cook, Laura Cook, Pamela Lohiser, Arthur Bailey and Joan Bailey, hand-delivered a letter to the Board, stating as adjoining landowners they never received notice of the hearing and requesting a rehearing on the issue. A rehearing was held on December 4, 2002. The Board denied the variance on December 13, 2002.
 {¶ 4} On December 30, 2002, appellees filed an appeal with the Court of Common Pleas of Summit County, Ohio. Appellants were permitted to intervene in the case. A hearing before a magistrate was held on July 15, 2003. By decision filed July 23, 2003, the magistrate recommended that the Board's December 13, 2002 decision be reversed. Appellants filed objections. By judgment entry filed March 22, 2004, the trial court approved and adopted the magistrate's decision and upheld the Board's October 23, 2002 decision granting the variance request.
 {¶ 5} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The trial court abused its discretion and erred as a matter of law in reversing the decision of the copley township board of zoning appeals."
 I {¶ 7} Appellant claims the trial court erred in reversing the Board's December 13, 2002 decision. In its judgment entry of March 22, 2004, the trial court specifically found appellants as intervenors were not interested parties pursuant to R.C. 519.15, the hearing held on December 4, 2002 was outside the thirty day time limit to appeal and the reconsideration by the Board was untimely. We agree with the trial court's assessment regarding the timeliness of the reconvened Board's actions, and find this issue to be dispositive of the case sub judice.
 {¶ 8} The issues posed are whether a hand-delivered letter objecting to the variance hearing without notification to adjacent landowners constitutes a notice of appeal and whether the reconvening of the Board after the thirty day time for appeal was a lawful and timely reconsideration of the matter.
 {¶ 9} Appellees requested a variance relative to a proposed lot split of property in an R-2 zoned district. A public Board hearing was scheduled October 23, 2003. Notice of the hearing was published in the Akron Legal News and sent to the four adjacent property owners. On October 23, 2002, the Board met and unanimously granted the requested variance. Before the zoning inspector signed off on the lot split, appellants hand-delivered a letter to the Board on or about November 11, 2002. Appellants complained they had not been notified of the hearing and requested a rescission and rehearing. After a discussion with legal counsel, the zoning inspector unilaterally rescheduled the matter for December 4, 2002. Despite this act, the October 23, 2003 decision was not rescinded nor appealed from by appellants.
 {¶ 10} Appellants argue the case of Hal Artz Lincoln-Mercuryv. Ford Motor Co. (1986), 28 Ohio St.3d 20, permits reconsideration of an administrative decision beyond the thirty day window for appeal. We concur with the trial court's finding that Hal Artz is not controlling sub judice. Paragraphs three and six of the syllabus of Hal Artz sets forth the following parameters for motions to reconsider:
 {¶ 11} "3. Generally, administrative agencies have inherent authority to reconsider their own decisions since the power to decide in the first instance carries with it the power to reconsider. The agencies retain jurisdiction to set aside or otherwise reconsider their decisions until the actual institution of a court appeal or until expiration of the time for appeal, in the absence of specific statutory limitation to the contrary.(State, ex rel. Borsuk, v. Cleveland [1972], 28 Ohio St.2d 224
[57 0.0.2d 464], paragraph one of the syllabus, followed.)
 {¶ 12} "6. Where an application for rehearing of a decision of the Ohio Motor Vehicle Dealers Board is filed before a judicial appeal and prior to expiration of the statutory appeal period, the board may grant the application and rehear the cause so long as it renders its reconsidered decision within a short and reasonable time, not to exceed any statutory or administrative regulations restricting the exercise of reconsideration."
 {¶ 13} In Hal Artz, the administrative board's action to reconsider and actual reconsideration took place within the thirty day time limit for appeal. The actions in this case, the December 4, 2002 hearing and the December 13, 2002 decision were well outside the thirty day time limit for appeal.
 {¶ 14} The original decision of October 23, 2002 was not stayed or modified by the Board before the December 4, 2002 hearing. In fact, the variance was res judicata on November 24, 2002, the close of the thirty day window for appeal. The Supreme Court of Ohio has commented upon the limited holding in HalArtz and has stated that administrative boards or agencies have no jurisdiction or authority to reconsider or vacate a final administrative order once the statutory time limit has expired:
 {¶ 15} "While we have recognized the inherent power of courts to vacate void judgments, we have recognized the inherent power of administrative boards to reconsider their decisions only in very limited circumstances. In Hal Artz Lincoln-Mercury v. FordMotor Co. (1986), 28 Ohio St.3d 20, 28 OBR 83, 502 N.E.2d 590, paragraph three of the syllabus, we held that prior to the actual institution of an appeal or expiration of the time for appeal, administrative agencies generally `have inherent authority to reconsider their own decisions since the power to decide in the first instance carries with it the power to reconsider.' * * * Although the BOR may have had the inherent power to reconsider its August 18, 1997 decision before the appeal time expired, the BOR decision vacating the August 18, 1997 decision under consideration here came after the appeal time for the August 18, 1997 decision had expired. We find no inherent power for a board of revision to vacate a decision, even a void decision, after the appeal time has run. If a board of revision were to review its prior decision after the appeal time had expired, the board would in effect be acting as a reviewing court for its own prior decision. Only the BTA and the common pleas courts have been granted authority under R.C. 5717.01 and 5717.05 to review board of revision decisions, and even they can review decisions only where the appeals have been filed in a timely manner." Cincinnati School Dist. Bd. of Ed. v. Hamilton Cty. Bd. of Revision,87 Ohio St.3d 363, 368-369, 2000-Ohio-452. (Citations omitted.) See also, Holiday Homes, Inc. v. Butler Cty Bd. of Zoning Appeals (1987),35 Ohio App.3d 161.
 {¶ 16} Based upon the clear precedent of the Supreme Court of Ohio and the fact that no final action was taken by the Board until December 13, 2002, we find the Board did not have the authority to reconsider its own decision after the thirty day time limit for appeal had lapsed. Because of its lack of authority, we find the other issues addressed by appellants to be moot.
 {¶ 17} The sole assignment of error is denied.
 {¶ 18} The judgment of the Court of Common Pleas of Summit County, Ohio is hereby affirmed.
Farmer, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Summit County, Ohio is affirmed.